**STATE COMPENSATION INSURANCE FUND and Western State College, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Murray A. Setzer; S & L Development; and United States Fidelity and Guaranty Company, Respondents.**

No. 83CA1232.

Colorado Court of Appeals, Div. I.

Jan. 24, 1985.

Rehearing Denied Feb. 21, 1985.

Feay Burton Smith, Jr., William J. Baum, Paul Tochtrop, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Dept. of Labor and Employment.

Withers & Seidman, P.C., Christopher Seidman, Grand Junction, for respondent Setzer.

Elder, Phillips, Daniel & Phillips, Walter J. Phillips, Keith Boughton, Grand Junction, for respondents S & L Development and U.S. Fidelity and Guar. Co.

PIERCE, Judge.

Petitioners, Western State College (Western State) and its workmen's compensation insurance carrier, the State Compensation Insurance Fund (Fund), seek review of a final order of the Industrial Commission granting a petition filed by the claimant, Murray A. Setzer, to reopen two separate claims for benefits that arose out of successive injuries to his back. The first injury occurred on December 27, 1975, while claimant was employed by Western State, and the second on October 27, 1979, while claimant was employed by S & L Development. Competent evidence was presented regarding the apportionment of disability as between the two injuries.

The Commission determined that claimant's condition had worsened since the two previous awards were entered and that claimant was entitled to additional benefits for temporary total disability. The Commission further determined that the worsening of claimant's condition was causally related to both of his prior injuries and that liability for any additional benefits awarded the claimant should be apportioned between both employers and their respective insurance carriers. We affirm the order of the Commission.

## I.

Petitioners first contend that claimant's initial petition to reopen was defective and untimely because the date of the first injury was not set forth in the body of the petition. We disagree.

Section 8–53–119, C.R.S., as in effect when claimant filed his petition to reopen, provided that the Director of the Department of Labor:

"[A]t any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer ... and *after notice of hearing to the parties interested,* may review and reopen any award...." (emphasis added)

The essential requirement under this statute is not the form of the petition to reopen, but the notice to be given to interested parties. *See Mascitelli v. Giuliano & Sons Coal Co.,* 157 Colo. 240, 402 P.2d 192 (1965); *Gates Rubber Co. v. Industrial Commission,* 647 P.2d 244 (Colo.App.1982).

Here, final payment of benefits on the first claim was made on April 2, 1981, and claimant's petition to reopen was filed on January 17, 1983, less than two years thereafter. The caption of the petition to reopen designated the workmen's compensation file numbers of both of the previous claims and named both employers and their respective insurance carriers as parties to the proceedings. Additionally, on February 1, 1983, the director sent the Fund a copy of the petition to reopen, together with a letter requesting the petitioners to respond, which they did. Thus, claimant complied with the statute, petitioners received adequate notice of the proceedings against them, and the petition to reopen was neither defective nor untimely.

## II.

Petitioners also contend that the Commission erred in apportioning the additional benefits awarded the claimant between both the employers and their respective insurance carriers. Petitioners argue that claimant failed to establish that the worsening of his condition was attributable to the first injury and that, in any event, S & L Development and its insurance carrier were fully liable for any additional benefits awarded the claimant under the "full responsibility" rule enunciated in *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962).

It can be reasonably inferred from the totality of the evidence in this record that the worsening of claimant's condition was causally related to both of the previous injuries. Hence, the Commission's determination on this matter will not be disturbed on review. *American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

We recognize that under the "full responsibility" rule, an employer who hires a partially disabled worker is responsible for the entire disability award if the worker suffers a subsequent injury and is declared permanently and totally disabled. *See Colorado Fuel & Iron Corp. v. Industrial Commission, supra.* However, the full responsibility rule does not relieve an employer or its insurance carrier from all liability for injuries sustained by an employee because the employee is subsequently injured in another accident, and because the employee is not permanently and totally disabled.

*Tri-State Insurance Co. v. Industrial Commission,* 151 Colo. 494, 379 P.2d 388 (1963).

Consequently, under the circumstances presented here, we conclude that the Commission did not abuse its discretion in apportioning liability for the additional benefits awarded claimant between both employers and their respective insurance carriers.

Order affirmed.

SMITH and BABCOCK, JJ., concur.