Page 1337

942 P.2d 1337

21 Colorado Journal 198

Gregory SNYDER, Petitioner and Cross-Appellee,
v.
The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado
and City of Aurora, Respondents and Cross-Appellants.

No. 96CA0679.

Colorado Court of Appeals,
Div. A.

Feb. 6, 1997.
Rehearing Denied March 13, 1997.
Certiorari Denied Sept. 15, 1997.

Page 1338
        Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Joseph M. Goldhammer, Denver, for Petitioner and Cross-Appellee.
        Charles H. Richardson, City Attorney, Julia A. Bannon, Assistant City Attorney, Ann McEntire, Assistant City Attorney, Aurora, for Respondent and Cross-Appellant City of Aurora.
        No Appearance by The Industrial Claim Appeals Office.
        Opinion by Justice ERICKSON *.
        In this workers' compensation case, Gregory Snyder (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which modified the order of the Administrative Law Judge (ALJ) and concluded that claimant's employer, the City of Aurora (employer), was not liable for certain medical expenses incurred by claimant. Employer cross-appeals that part of the Panel's order which ordered it to pay certain temporary total disability benefits. We affirm the Panel.
        Claimant sustained an on-the-job injury on April 24, 1992, when a piece of drywall fell and struck him in the back while he was extinguishing a fire in his capacity as a firefighter. Claimant reported the injury and sought medical treatment for chest pain and shortness of breath on May 5, 1992. Employer filed a general admission of liability for medical benefits and temporary total disability benefits on May 14, 1992.
        Claimant returned to work for employer in June 1992 but employer did not file an amended admission of liability pursuant to Department of Labor and Employment Rule IX, 7 Code Colo. Reg. 1101-3 (Rule IX). Employer continued to pay medical expenses incurred by claimant for his lung condition through the end of 1992 when employer received a medical report which concluded that claimant's lung condition was not related to his on-the-job injury.
        In June 1993, claimant underwent a lung biopsy and developed severe complications which resulted in his inability to work from June 9, 1993, to August 1, 1993. Employer refused to pay any further medical and temporary disability benefits.
        Following a hearing on claimant's request for further medical and temporary disability benefits, the ALJ concluded that claimant had failed to prove by a preponderance of the evidence that his lung condition was a result of his on-the-job injury and also had failed to prove that the temporary disability from 

Page 1339
June 9, 1993, through August 1, 1993, was a result of his on-the-job injury. The ALJ denied and dismissed claimant's request for temporary total disability benefits for the June to August 1993 period, and also denied claimant's request for further medical benefits beyond those that employer had already paid.
        The Panel reversed the ALJ's denial of temporary total disability benefits on the grounds that employer took no action to withdraw its admission of liability in accordance with Rule IX. It upheld the ALJ's denial of medical benefits on the grounds that employer's admission of liability did not obligate it to pay for all medical treatment but only that treatment that was reasonable and necessary. Because claimant had not proved that all the medical treatment he received was reasonable and necessary, the Panel held that the ALJ did not err in concluding that employer was not liable for further medical expenses beyond those already paid. And, it modified the ALJ's order by ordering employer to pay temporary total disability benefits for the period June 9, 1993, to August 1, 1993.
I.
        Claimant contends that, by submitting the admission of liability, employer admitted a causal connection between his on-the-job injury and his lung condition and therefore is liable for all medical expenses he incurred. We disagree.
        An employer who has admitted liability for medical benefits can dispute a claimant's need for continued medical benefits. Williams v. Industrial Commission, 723 P.2d 749 (Colo.App.1986).
        Although claimant admits that this proposition is "undeniable," he argues that, once an employer files a general admission of liability, the employer can dispute a claimant's need for continued medical benefits only on the three grounds specifically enumerated in Williams, i.e., that the injury is cured, that the treatment is with an unauthorized physician, or that the particular treatment is unnecessary or unreasonable. We decline to so limit the ability to dispute a claimant's entitlement to continued medical benefits where, as here, medical information obtained subsequent to an admission of liability brings into question the compensability of the claimant's injury.
        The right to workers' compensation benefits, including medical payments, arises only when an injured employee initially establishes, by a preponderance of the evidence, that the need for medical treatment was proximately caused by an injury arising out of and in the course of the employment. Section 8-41-301, C.R.S. (1996 Cum.Supp.); see Popovich v. Irlando, 811 P.2d 379 (Colo.1991); Seifried v. Industrial Commission, 736 P.2d 1262 (Colo.App.1986). Therefore, in a dispute over medical benefits that arises after the filing of a general admission of liability, an employer generally can assert, based on subsequent medical reports, that the claimant did not establish the threshold requirement of a direct causal relationship between the on-the-job injury and the need for medical treatment.
        The record here shows that the parties agreed that the issues at the hearing were whether the medical treatment was reasonably necessary to cure and relieve the effects of the injury and temporary disability benefits. Causation is a question of fact for resolution by the ALJ. F.R. Orr Construction v. Rinta, 717 P.2d 965 (Colo.App.1985).
        The ALJ concluded, with record support, that claimant failed to prove by a preponderance of the evidence that his lung condition was a result of his work-related injury. We accept the ALJ's findings on appeal and affirm the determination that claimant's need for medical treatment was not proximately caused by his on-the-job injury.
II.
        On cross-appeal, employer contends that, because claimant's lung condition was not related to his on-the-job injury, the Panel erred in awarding temporary total disability benefits for the period June to August 1993. We disagree.
        At the time claimant was injured, the relevant statute, Colo. Sess. Laws, 1990, ch. 

Page 1340
62, Â§ 8-43-203(2), now codified as Â§ 8-43-203(2)(d), C.R.S. (1996 Cum.Supp.), provided in pertinent part that: "Hearings may be set to determine any matter, but, if any liability is admitted, payments shall continue according to admitted liability." This provision has been interpreted as requiring an employer to continue payment pursuant to an admission of liability until a hearing is held to determine whether there was sufficient evidence to permit withdrawal of the admission. The statute precludes an employer from unilaterally abrogating disability payments. Kraus v. Artcraft Sign Co., 710 P.2d 480 (Colo.1985); Vargo v. Colorado Industrial Commission, 626 P.2d 1164 (Colo.App.1981).
        Rule IX(H)(1) states that temporary disability benefits may not be suspended, modified, or terminated except pursuant to Rule IX or pursuant to an order of the Division following a hearing. As relevant here, Rule IX(D)(1-4) provides that an employer may terminate temporary disability benefits by filing a petition to suspend, modify, or terminate the benefits along with supporting documentation. If the claimant timely protests the petition, the matter is set for hearing; otherwise, the employer may suspend, modify, or terminate the benefits.
        It is undisputed that employer did not file a petition to terminate claimant's temporary disability payments under Rule IX(D). Therefore, employer could not suspend, modify, or terminate the payment of disability benefits until it was ordered to do so by an ALJ after a hearing. See HLJ Management Group, Inc. v. Kim, 804 P.2d 250 (Colo.App.1990)(admission of liability binding only until controverted issue determined by ALJ at hearing).
        The order is affirmed.
        RULAND and KIRSHBAUM **, JJ., concur.
---------------

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and Â§ 24-51-1105, C.R.S. (1996 Cum.Supp.).
** See footnote *, ante.