12 P.3d 844
Sherry FAULKNER, Petitioner,
v.
The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Alexander Dawson School, and Truck Insurance Exchange, Respondents.
No. 99CA1136.
Colorado Court of Appeals, Div. I.
May 11, 2000.
Rehearing Denied July 6, 2000.
Certiorari Denied October 23, 2000.

        

12 P.3d 845
 Law Offices of Rebecca A. Koppes Conway, Rebecca A. Koppes Conway, Greeley, Colorado, for Petitioner
        No Appearance for The Industrial Claim Appeals Office of the State of Colorado
        White & Steele, P.C., J. Barton Maxwell, Denver, Colorado, for Respondents Alexander Dawson School and Truck Insurance Exchange
        Opinion by Judge METZGER.
        Sherry Faulkner (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying her claim against Alexander Dawson School and its insurer, Truck Insurance Exchange (collectively employer), for workers' compensation benefits. We affirm.
        Claimant was working in her basement office cubicle when she was exposed to fumes emitted by carpet glue. She testified that, while a 20"x8' piece of carpet was being laid in an adjacent area, the fumes drifted into her office. She soon began to experience congestion, coughing, a headache, and the sensation of being "high." Later, she reported many symptoms including difficulty speaking, and underwent numerous treatments and examinations. Her treating physician assigned a 28% whole person impairment rating.
        Employer filed several general admissions of liability for medical and temporary disability benefits. Claimant then applied for a hearing on the issues of causation and permanent disability. Three months later, employer filed a motion seeking to add the issue whether it should be allowed to withdraw its admissions of liability on the ground that two expert witnesses had opined that claimant's condition had not been caused by exposure to the fumes. A prehearing Administrative Law Judge (ALJ) issued an order adding this issue.
        Between the time the hearing was requested and the time it was held, claimant underwent a division-sponsored independent medical examination (IME). Ultimately, the IME physician diagnosed claimant as having irritant vocal cord dysfunction, and assigned a 14% whole person impairment rating. However, the issue of the impairment rating in this IME opinion was not designated by either party as an issue to be considered at the hearing.
        At the hearing, employer's experts expressed their opinions that claimant had not been exposed to sufficient quantities of harmful chemicals to have caused any tissue damage or physical injury. One of employer's experts attributed claimant's symptoms to a psychosomatic upper airways disease known as conversion hysteria.
        Crediting the testimony of employer's experts, the ALJ found by a preponderance of the evidence that claimant had not been physically injured by exposure to the fumes. Instead, the ALJ found, claimant had experienced a "psychological reaction which resulted in numerous respiratory and other physical complaints." Thus, the ALJ concluded, this case involved a claim for mental impairment within the meaning of Â§ 8-41-301(2)(a), C.R.S.1999; and, since claimant had failed to prove the elements necessary to award benefits under that statute, the ALJ denied claimant's 

12 P.3d 846
 claim for permanent disability benefits and additional medical benefits.
        The ALJ also held that employer's admissions of liability were the result of a mistake concerning the compensability of the claim. Therefore, employer's request to withdraw the admissions and cease payment of benefits was granted. The Panel affirmed.
        Claimant contends the ALJ applied an incorrect burden of proof in determining the issue of causation. She argues that the IME physician's opinion concerning the cause of her condition could not be overcome except by clear and convincing evidence. Thus, claimant argues, the ALJ erred in applying a preponderance of the evidence standard in finding that her symptoms had been caused by a psychological reaction rather than by exposure to fumes. We disagree.
        Section 8-41-301(1)(c), C.R.S.1999, requires that a claimant's injury or death be proximately caused by an injury or occupational disease arising out of and in the course of the employee's employment. Proof of causation is a threshold requirement which an injured employee must establish by a preponderance of the evidence before any compensation is awarded. The question of causation is generally one of fact for determination by the ALJ. See Snyder v. Industrial Claim Appeals Office, 942 P.2d 1337 (Colo.App.1997).
        Section 8-42-107(8)(c), C.R.S.1999, provides that a physician performing a division-sponsored IME must rate the claimant's medical impairment, and that the IME physician's finding concerning impairment "shall be overcome only by clear and convincing evidence." In Qual-Med, Inc. v. Industrial Claim Appeals Office, 961 P.2d 590 (Colo. App.1998), the court held that an IME physician's opinion concerning the cause of a particular component of the claimant's overall impairment must be overcome by clear and convincing evidence. See also Egan v. Industrial Claim Appeals Office, 971 P.2d 664 (Colo.App.1998) (addressing the treating physician's impairment rating and recognizing that, under Â§ 8-42-107(8)(c), the ALJ ultimately does determine causation, albeit under a heightened evidentiary standard).
        However, in both Qual-Med and Egan, the correctness of the IME opinion was an issue. For that reason, neither case addresses whether the claimant had sustained a compensable injury in the first instance. In Qual-Med, the court explicitly stated that the claimant had the initial burden of proving entitlement to benefits by a preponderance of the evidence by demonstrating that the injury arose out of and in the course of employment. Thus, contrary to claimant's assertion, Qual-Med and Egan are distinguishable from the facts here.
        In this case, the dispute concerns the threshold question whether claimant had sustained any compensable injury arising out of and in the course of her employment. Employer did not seek to overturn the IME physician's rating of impairment, as was the situation in Qual-Med. The issues at this hearing â as set forth in the application for hearing and response to it (both of which predated the IME â did not include a challenge to the IME physician's determination of MMI or to the impairment rating. Thus, the fact that the IME had been performed before the hearing is inconsequential.
        Consequently, we hold that, because an IME opinion was not at issue, and because employer had raised the issue of causation pursuant to Â§ 8-41-301(1)(c), the ALJ was not bound by the elevated burden of proof contained in Â§ 8-42-107(8)(c). Hence, he did not err in applying a preponderance of the evidence standard in determining whether claimant had sustained a compensable injury.
        Because it was not raised timely, we may not consider claimant's argument that her treating provider's impairment rating should be given presumptive effect and can be overcome only by clear and convincing evidence. This argument was not made to the ALJ, to the Panel, or in claimant's briefs to this court. It was first raised in oral argument.
        The order of the Panel is affirmed.
        Judge RULAND and Judge NIETO, concur.