**UNIVERSITY PARK CARE CENTER, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Debra C. Perrino; Chimr d/b/a Villa Pueblo Towers; Alternative Management Services, Inc.; and Preferred Professional Insurance Company, Respondents.**

No. 01CA0072.

Colorado Court of Appeals, Div. III.

July 19, 2001.

Rehearing Denied Sept. 27, 2001.

Certiorari Denied March 18, 2002.

and § 24–51–1105, C.R.S.2000.

Miles, McLaren & Peters, P.C., William A. Richardson, Denver, CO, for Petitioner.

No Appearance for Respondents The Industrial Claim Appeals Office and Debra C. Perrino.

Ritsema & Lyon, P.C., Susan K. Reeves, Richard W. Pruett, Colorado Springs, CO, for Respondents Chimr, d/b/a Villa Pueblo Towers, Alternative Management Services, Inc., and Preferred Professional Insurance Company.

Opinion by Judge MARQUEZ.

In this workers' compensation proceeding, University Park Care Center (petitioner) seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding the determination of the Administrative Law Judge (ALJ) that petitioner was liable for fifty percent of the temporary total disability (TTD) and medical benefits awarded to Debra C. Perrino (claimant). We affirm.

Claimant sustained a compensable back injury in 1991 while employed by petitioner as a nurse. In 1997, she began working as a nurse for Villa Pueblo Towers (respondent).

Claimant testified that she continued to suffer from back and leg pain after the 1991 injury. However, in 1999, she experienced a significant increase in her pain. Surgery was recommended, and claimant was removed from work based on her deteriorating condition from November 8 to 28, 1999.

Following an evidentiary hearing regarding claimant's request for medical and temporary disability benefits, the ALJ observed that the primary issue to be resolved was whether claimant's present condition resulted from a substantial permanent aggravation of a previous occupational disease or from a new injury that had combined with the old injury to cause a worsened condition. The ALJ noted that the latter situation would warrant apportionment. The ALJ then found claimant's worsened condition and need for surgery equally attributable to the original back injury in 1991 and her further injury during her subsequent employment. Relying upon *State Compensation Insurance Fund v. Industrial Commission*, 697 P.2d 807 (Colo.App.1985), the ALJ determined that apportionment would be appropriate and divided liability equally between petitioner and respondent for the benefits requested, including the cost of the recommended back surgery.

The Panel upheld the ALJ's award of benefits, including the apportionment of liability between the parties.

I.

Petitioner first contends that the ALJ applied an incorrect legal standard and erred in determining that it was liable for a portion of the medical benefits necessitated by the aggravation of claimant's back condition during her employment with respondent. We disagree.

Pursuant to *State Compensation Insurance Fund v. Industrial Commission, supra*, when the worsening of a claimant's condition is causally related to successive back *injuries*, any subsequent temporary total disability benefits awarded are to be apportioned between both employers and their respective insurance carriers. Because the totality of the evidence in that case supported a reasonable inference that the claimant's worsened condition was causally related to both of the previous injuries, apportionment was deemed proper.

In contrast, when compensation is sought for an occupational *disease* to which the claimant has been exposed in successive employments, liability is assigned based upon the "last injurious exposure" rule. The rule appears in § 8–41–304(1), C.R.S.2000, which provides, in relevant part, as follows:

Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and suffered a substantial permanent aggravation thereof and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier.

By placing such liability on the last employer where the claimant sustained an injurious exposure to a harmful concentration of a hazard and a substantial permanent aggravation of the disease, the rule obviates the "onerous, if not impossible, task of proving which employer caused the disability." *Rob-*

bins Flower Shop v. Cinea, 894 P.2d 63, 65 (Colo.App.1995).

■ However, the "last injurious exposure" rule does not govern the assignment of liability for *medical benefits* necessitated by an occupational disease. The cost of those benefits is, instead, placed upon the carrier "on the risk" at the time such expenses are incurred. *Royal Globe Insurance Co. v. Collins,* 723 P.2d 731, 733 (Colo.1986).

■ Petitioner urges that apportionment as applied in *State Compensation Insurance Fund v. Industrial Commission, supra,* is inapplicable to claimant's medical benefits because claimant suffers from an occupational disease. However, we agree with the Panel that the ALJ necessarily found that the original injury in 1991 was a separate and distinct event from the development of an occupational disease related to claimant's continuing back problems. The issue of causation is one of fact for determination by the ALJ. *Faulkner v. Industrial Claim Appeals Office,* 12 P.3d 844 (Colo.App.2000).

Here, medical evidence indicated that claimant's degenerative disc disease resulted from the combination of her work as a nurse and the natural aging process. The medical evidence also supported a determination that claimant's present condition and need for treatment resulted from the combination of those factors and the effects of the original injury.

Consequently, because claimant's condition occurred in part because of a separately compensable accidental injury in 1991, we agree with the Panel's conclusion that the "last injurious exposure" rule, as set forth in § 8–41–304(1), was not implicated and did not prohibit apportionment of liability in this matter. Thus, we are not persuaded that the medical benefits sought by claimant must be allocated to the carrier "on the risk" when they were incurred. We agree with the Panel that the broad language used in *State Compensation Insurance Fund v. Industrial Commission, supra,* suggests that the ordinary rules of causation and apportionment extend to medical benefits.

■ However, even if liability for medical benefits were to be assigned to the carrier "on the risk," we read that phrase as a reference to the insurer that provided coverage to the employer whose conditions of employment caused the need for treatment. Thus, to impose liability for medical benefits on a particular employer, the evidence must demonstrate that the employment with that employer caused, aggravated, or accelerated the claimant's injury. *See Singleton v. Kenya Corp.,* 961 P.2d 571 (Colo.App.1998)(causal relationship between the injury and the disability must be established to obtain medical benefits); *Snyder v. Industrial Claim Appeals Office,* 942 P.2d 1337 (Colo.App. 1997)(right to medical benefits arises only when claimant initially establishes that need for medical treatment was proximately caused by industrial injury).

Here, the record supports the ALJ's findings that claimant's employment with both petitioner and respondent caused the present need for treatment. Consequently, we hold that the ALJ properly determined liability for medical benefits in this matter in accordance with the same principles of causation applicable to claims involving accidental injuries.

## II.

■ We also reject petitioner's assertion that the ALJ erred in assigning it equal responsibility for claimant's TTD benefits when the record establishes that her employment with respondent constituted the sole proximate cause of her wage loss.

As the Panel found, medical evidence in the record linked the deterioration of claimant's condition to both the 1991 injury and her normal work activities and identified each factor as an equal contributing cause. The medical evidence was corroborated by claimant's own testimony. Moreover, it is not disputed that claimant was unable to work during the period for which TTD benefits were sought because of her deteriorating condition. Consequently, we are satisfied that the ALJ reasonably inferred that fifty percent of claimant's temporary disability should be attributed to the 1991 injury.

■ Even if other evidence in the record may have supported a contrary inference

with respect to the apportionment of TTD benefits, it is for the ALJ to resolve conflicts in the evidence, make credibility determinations, and draw plausible inferences from the evidence. *Wal–Mart Stores, Inc. v. Industrial Claims Office,* 989 P.2d 251 (Colo.App. 1999). And, we are bound to uphold the ALJ's determination of factual issues when there is substantial evidentiary support in the record. Section 8–43–308, C.R.S.2000. We therefore conclude that the apportionment of medical causation was sufficient in this matter to support a similar apportionment of TTD benefits.

The order of the Panel is affirmed.

Judge JONES and Judge PIERCE,* concur.