**Margaret L. DUNCAN, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; Mariner Post Acute Network, d/b/a Garden Square at Westlake; and American Home Assurance, Respondents.**

No. 03CA1616.

Colorado Court of Appeals, Div. III.

July 1, 2004.

Rehearing Denied Aug. 19, 2004.

Certiorari Denied Jan. 24, 2005.

The Morrell Law Office, LLC, Britton Jess Morrell, Greeley, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Senter Goldfarb & Rice, LLC, Kent L. Yarbrough, Denver, Colorado, for Respondents Mariner Post Acute Network and American Home Assurance.

Opinion by Judge GRAHAM.

In this workers' compensation proceeding, Margaret L. Duncan (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) apportioning only twenty-five percent liability for medical and temporary disability benefits to Mariner Post Acute Network and its insurer, American Home Assurance (collectively employer). We affirm.

The administrative law judge (ALJ) found that while claimant was working in March 2002, she suffered an accidental injury to her right knee and had been unable to work since June 20, 2002, because of ongoing symptoms. The injury aggravated her preexisting degenerative joint disease, which claimant developed from a combination of the natural aging process and a 1977 industrial injury she sustained while working for a previous employer. The ALJ further found that claimant's overall knee condition resulted from the combined effects of the 1977 industrial injury, the 2002 injury, and the natural aging process and that claimant's need for medical treatment also resulted from the combination of those factors.

Claimant previously had been told she would inevitably require a total right knee replacement to treat the preexisting condi-

tion, and the ALJ found that the 2002 injury only "accelerated the time frame in which [c]laimant had to face the decision of undergoing the surgical treatment." Crediting the opinions of the authorized treating physician, the ALJ found that claimant's preexisting condition caused seventy-five percent of her disability and need for medical treatment, and the 2002 injury accounted for the remaining twenty-five percent. Therefore, the ALJ ordered employer to pay twenty-five percent of the temporary disability and medical benefits for the right knee. The Panel affirmed.

■ Claimant contends that causation should not have been apportioned. We disagree.

■ A preexisting condition does not disqualify a claimant from receiving workers' compensation benefits. Rather, where the industrial injury aggravates, accelerates, or combines with a preexisting disease or infirmity to produce the need for treatment, the treatment is a compensable consequence of the industrial injury. *H & H Warehouse v. Vicory*, 805 P.2d 1167 (Colo.App.1990). However, apportionment is proper where the claimant's condition is caused by successive industrial injuries and both injuries contribute to the disability and need for additional medical treatment. *See Univ. Park Care Ctr. v. Indus. Claim Appeals Office*, 43 P.3d 637 (Colo.App.2001)(where the claimant sustained a compensable injury in 1991 and eventually developed degenerative disc disease in 1999 from her work and the effects of age, and the ALJ found the two injuries equally contributed to the disability and need for surgery, equal apportionment of liability between the insurers for the two injuries was appropriate); *State Comp. Ins. Fund v. Indus. Comm'n*, 697 P.2d 807 (Colo.App.1985)(upholding the apportionment of liability between two employers and their insurers where the claimant suffered successive industrial accidents that injured his back).

Claimant argues that *University Park* and *State Compensation* are distinguishable. We disagree.

■ First, claimant argues that *University Park* does not permit apportionment of liability attributable to the natural aging pro-

cess. However, in that case, the degenerative disc disease was caused by a "combination of [the claimant's] work as a nurse and the natural aging process." *Univ. Park Care Ctr. v. Indus. Claim Appeals Office, supra*, 43 P.3d at 640. Thus, the fact that aging is a factor does not preclude apportionment. And we reject claimant's argument that consideration of the aging process invites age discrimination.

Second, claimant asserts that because her 1977 industrial injury is so old that her claim cannot be reopened, *see* § 8–43–303(1), C.R.S.2003, she is unable to join her prior employer to augment prior benefits and share apportionment with her current employer. Therefore, she argues that she is unable to shift liability to her prior employer for the amount apportioned to the prior injury and that she will not be adequately compensated for her current condition. She notes that in both *University Park* and *State Compensation*, the prior and subsequent employers were joined as parties, thereby ensuring that the claimants received full compensation.

■ However, we agree with the Panel that *University Park* and *State Compensation* do not require the prior employer to be a party before liability may be apportioned. And, contrary to claimant's assertion that inadequate compensation conflicts with the purpose of the Workers' Compensation Act (Act), we note that the Act's legislative declaration balances the interests of claimants *and* employers. *See* § 8–40–102(1), C.R.S.2003 (Act is to "be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured workers *at a reasonable cost to employers*" (emphasis added)); *Jarosinski v. Indus. Claim Appeals Office*, 62 P.3d 1082 (Colo.App.2002)(considering possible adverse effect to employer in context of Act's purpose).

■ Furthermore, the fact that there is no responsible party to accept liability for the prior injury does not necessarily mean that the subsequent employer should be burdened with that liability. The full responsibility rule, requiring an employer to bear the full cost of disability, is applicable only when a claimant is permanently and totally disabled.

*United Airlines, Inc. v. Indus. Claim Appeals Office,* 993 P.2d 1152 (Colo.2000); *State Comp. Ins. Fund v. Indus. Comm'n, supra; see* § 8–40–102(1).

Next, claimant asserts that *University Park* and *State Compensation* are distinguishable because, unlike this case, they did not involve a prior injury that had stabilized. She argues that her 1977 injury became stable, and therefore it should not have been treated as a prior industrial *injury,* but as a preexisting *condition* not affecting employer's liability.

Although we recognize that a preexisting condition does not disqualify a claimant from receiving workers' compensation benefits, *see H & H Warehouse v. Vicory, supra,* we disagree with claimant's characterization of her 1977 injury as "stable." Although there was evidence that her right knee had not been problematic or treated for three years prior to the 2002 injury, and the ALJ noted from the bench that claimant "did not have a whole lot of additional practical problems with respect to work" until the 2002 injury, the ALJ ultimately concluded that he "could not ignore the medical opinions." Furthermore, medical testimony indicated that the injury sustained in 2002 was not the type of injury that would warrant a knee replacement, but for the degenerating and unstable joint. In light of the medical opinion that claimant would need a right knee replacement, we cannot say that the ALJ erred in characterizing the effects of the 1977 accident as an "injury," rather than a stable, preexisting condition.

For that reason, we also reject claimant's related contention that the evidence does not support the finding that the 1977 injury contributed to the need for treatment.

The order of the Panel is affirmed.

Judge TAUBMAN and Judge DAILEY concur.