RESOURCES ONE, LLC, d/b/a
Terra Firma, and Pinnacol
Assurance, Petitioners,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORA-
DO and Tim A. Fera, Respondents.

No. 05CA1240.

Colorado Court of Appeals,
Div. V.

June 15, 2006.

Rehearing Denied Aug. 10, 2006.

Certiorari Denied Nov. 20, 2006.*

Michael J. Steiner, Brandee DeFalco Gal-
vin, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial
Claim Appeals Office.

Bisset Law Firm, Jennifer E. Bisset, Den-
ver, Colorado, for Respondent Tim A. Fera.

Opinion by Judge RUSSEL.

Resources One, LLC, doing business as
Terra Firma, and its insurer, Pinnacol Assur-
ance (collectively employer), seek review of a
final order of the Industrial Claim Appeals
Office (panel). We affirm.

### I. Background

In 2003, claimant, Tim A. Fera, suffered a
back injury while working for Terra Firma.
Before the injury, claimant had been diag-
nosed with degenerative disc disease, arthrit-
ic changes of the spine, and spinal stenosis.

In 2004, claimant's treating physician
found that claimant had reached maximum
medical improvement. Claimant objected
and requested a division—sponsored inde-
pendent medical examination (DIME). The
DIME physician determined that claimant
was not at maximum medical improvement
and recommended back surgery.

Employer contested the DIME physician's
determination at a hearing before an admin-
istrative law judge (ALJ). Employer's medi-
cal expert testified that claimant's symptoms
and need for surgery were attributable to
claimant's preexisting spinal condition. Nev-
ertheless, the ALJ upheld the DIME physi-
cian's determination and ordered employer to
pay claimant's medical and temporary dis-
ability benefits.

Employer sought further review before the
panel. It argued that the ALJ had failed to
apportion liability between the industrial in-
jury and claimant's preexisting spinal condi-
tion. The panel affirmed the ALJ, ruling
that employer was not entitled to apportion-
ment as a matter of law.

* Justice COATS and Justice EID would grant as to
the following issue:
  Whether the court of appeals erred in holding
  that apportionment of liability for temporary dis-
  ability and medical benefits is not permitted be-
tween an employer and a claimant where the
need for such benefits results from the combined
effects of a preexisting nonindustrial condition
and work injury.

## II.  Discussion

Employer concedes that claimant's need for medical and temporary disability benefits was caused, at least in part, by the work-related injury.  It therefore concedes liability for at least a portion of claimant's benefits. Employer contends, however, that it is liable only for the portion of medical and temporary disability benefits that is attributable to claimant's work-related injury and not for the portion attributable to claimant's preexisting spinal condition.  We conclude that employer is liable for all of claimant's medical and temporary disability benefits.

■  In the absence of a statute that provides for apportionment of workers' compensation liability, an employer is generally liable for the entire disability that results from a compensable accident.  *Colo. Fuel & Iron Corp. v. Indus. Comm'n,* 151 Colo. 18, 26, 379 P.2d 153, 157 (1962).  This general principle—known as the "full responsibility rule"—applies to both permanent and temporary disability benefits.  *See* 5 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 90.01, at 90–3 (2005) ("The full-responsibility rule applies to temporary total disability, even in a state which permits apportionment of permanent disability.").

There are three main types of apportionment: (1) between employers, where disability results from successive injuries or exposures; (2) between an employer and a Second or Subsequent Injury Fund; and (3) between an employer and the claimant, when a prior injury or condition contributes to the final disabling result.  *Larson's, supra,* § 90.02, at 90–3.  Unlike the first two types, the third type of apportionment may result in a reduction of the claimant's benefits.  *See United Airlines, Inc. v. Indus. Claim Appeals Office,* 993 P.2d 1152, 1157 n. 6 (Colo.2000).  Perhaps for this reason, the "great majority" of workers' compensation schemes do not provide for the third type of apportionment.  *See Larson's, supra,* § 90.03, at 90–5.

Here, employer contends that the general assembly has provided for the third type of apportionment in cases involving medical and temporary disability benefits.  It argues that this right of apportionment is embodied in two statutory provisions:

1.  Section 8–41–301(1)(c), C.R.S.2005:

    The right to the compensation provided for in articles 40 to 47 of this title, in lieu of any other liability to any person for any personal injury or death resulting therefrom, shall obtain in all cases where the following conditions occur:

    . . .

    (c) Where the injury or death is proximately caused by an injury or occupational disease arising out of and in the course of the employee's employment and is not intentionally self-inflicted.

2.  Section 8–42–101(1)(a), C.R.S.2005:

    Every employer, regardless of said employer's method of insurance, shall furnish such medical, surgical, dental, nursing, and hospital treatment, medical, hospital, and surgical supplies, crutches, and apparatus as may reasonably be needed at the time of the injury or occupational disease and thereafter during the disability to cure and relieve the employee from the effects of the injury.

■  We cannot see that these statutes authorize any type of apportionment, let alone the type that employer seeks.  The provisions merely state general conditions and obligations that are consistent with the full-responsibility rule.  Because the third type of apportionment is both unusual and contrary to the remedial purposes of the workers' compensation law, we would expect it to be authorized, if at all, only in unmistakable terms.  *See United Airlines, Inc. v. Indus. Claim Appeals Office, supra,* 993 P.2d at 1161 (rejecting apportionment of permanent disability benefits between employer and claimant under § 8–42–104(2)(a), C.R.S. 2005, because "[a]n interpretation . . . that would provide claimants only a fraction of the benefits they historically have received under the [Workers' Compensation] Act would be wholly antithetical to the remedial purposes of workers' compensation law").

We acknowledge that divisions of this court have approved the apportionment of medical and temporary disability benefits. *See Duncan v. Indus. Claim Appeals Office,*

107 P.3d 999 (Colo.App.2004); *Univ. Park Care Ctr. v. Indus. Claim Appeals Office,* 43 P.3d 637 (Colo.App.2001); *State Comp. Ins. Fund v. Indus. Comm'n,* 697 P.2d 807 (Colo. App.1985). However, because these cases involved apportionment between successive employers, not the type of apportionment that employer seeks here, we conclude that they are inapposite. To the extent that *Duncan v. Industrial Claim Appeals Office, supra,* may be read to support employer's argument, we would not follow it. *See In re Estate of Becker,* 32 P.3d 557 (Colo.App. 2000), *aff'd sub nom. In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002).

The order is affirmed.

Judge WEBB and Judge HAWTHORNE concur.