trial court's disposition of the affidavit, that disposition will not be disturbed absent a clear abuse of discretion.

*Id.*

2005 UT App 85

**K.F.K., Petitioner and Appellee,**

v.

**T.W. and B.L.W., Respondents and Appellant.**

**No. 20040336–CA.**

Court of Appeals of Utah.

Feb. 25, 2005.

Steven A. Wuthrich, Montpelier, ID, for Appellant.

Terry R. Spencer, TR Spencer & Associates, and M. Dirk Eastmond, Sandy, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 T.W. and her counsel, Steven Wuthrich, appeal from the juvenile court's award of attorney fees incurred in opposing a motion pursuant to rule 11 of the Utah Rules of Civil Procedure.

¶ 2 Wuthrich filed a motion for sanctions alleging that Terry Spencer, counsel for K.F.K., violated his duties under rule 11. After briefing and oral argument, the juvenile court determined that Spencer had not violated rule 11 and awarded him attorney fees incurred in opposing the motion. Wuthrich argues that the court erred in assessing fees without the notice required under rule 11 and in concluding that Spencer did not violate rule 11.

¶ 3 Wuthrich's arguments regarding the "English Rule" and notice under rule 11 reflect a basic misunderstanding regarding the posture of the matter. No rule 11 sanctions were imposed on Wuthrich, nor was the "English Rule" used to assess fees. Rather, under the plain language of rule 11, a court may award attorney fees to the prevailing party. "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney fees incurred in presenting or opposing the motion." Utah R. Civ. P. 11(c)(1)(A). Spencer successfully opposed the motion for sanctions against him and was awarded his fees as the prevailing party. There is no subsidiary finding of violation of rule 11 required to award attorney fees incurred in opposing a rule 11 motion. *See id.* Quite the contrary, the basis for the award is that rule 11 was not violated. Nor is the notice provision of rule 11 applicable because the attorney fees provision is not tied to a separate motion, but is available to the prevailing party. *See id.* Therefore, the juvenile court did not err in awarding attorney fees to Spencer as the prevailing party on the motion for rule 11 sanctions.

¶ 4 Wuthrich also asserts the juvenile court erred in concluding that Spencer did not violate rule 11. Review of rule 11 determinations requires different standards of review depending on the issue considered. *See Griffith v. Griffith,* 1999 UT 78, ¶ 10, 985 P.2d 255. "The trial court's findings of fact are reviewed under a clearly erroneous standard; its ultimate conclusion that rule 11 was [or was not] violated and any subsidiary legal conclusions are reviewed under a correction of error standard; and its determination as to the type and amount of sanctions to be imposed is reviewed under an abuse of discretion standard." *Id.* Furthermore, to warrant rule 11 sanctions, factual errors or misstatements "must be significant." *Morse v. Packer,* 2000 UT 86, ¶ 28, 15 P.3d 1021 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1335 (1990)).

¶ 5 The juvenile court found that the factual mistakes made in the objection to the

continuance "were not major mistakes and were likely to have evidentiary support after a reasonable opportunity for further investigation." Additionally, the juvenile court found "[t]he discrepancy in the date of service is not a major factor in this proceeding." The juvenile court also found that the documents and pleadings in this case uniformly named both T.W. and B.L.W. as respondents, including documents filed by Wuthrich. The court also noted its own contribution to the confusion in writing a confusing ex parte order. In sum, the court found Spencer's errors insignificant and found some of Wuthrich's contentions unsupported.

¶ 6 Wuthrich does not show that these findings are clearly erroneous. He argues that, to some extent, the findings are mixed questions of fact and legal conclusions, but does not explain away the findings entirely. A review of the record shows support for the factual findings, and thus they are not clearly erroneous. Moreover, because the court found the errors to be insignificant, it correctly determined that there was no violation of rule 11. *See Morse,* 2000 UT 86 at ¶ 28, 15 P.3d 1021.

■ ¶ 7 Spencer requests attorney fees incurred on appeal. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998). Having received fees below and having prevailed on appeal, Spencer is entitled to attorney fees incurred on appeal.

¶ 8 Accordingly, the juvenile court's conclusion that Spencer did not violate rule 11 and the award of attorney fees incurred in opposing the motion are affirmed. Moreover, Spencer is awarded attorney fees on appeal. This matter is remanded to the juvenile court for a determination of reasonable attorney fees incurred on appeal. Moreover, on remand the court should clarify who is responsible to pay the fees. *See Taylor v. Estate of Taylor,* 770 P.2d 163, 172 (Utah Ct.App.1989).