*2009 UT App 195*

**D.U. COMPANY, INC., Plaintiff, Appellant, and Cross-appellee,**

**v.**

**Elaine JENKINS, Jennifer Elaine Jenkins, Joseph William Jenkins, Estate of Rose Marie Jenkins, Charles Isreal Jenkins, Stanley Wallace Jenkins, Samuel Lorin Jenkins, Rebeccah Rachelle Jenkins, Jesse Taylor Jenkins, and Does 1–10, Defendants, Appellees, and Cross-appellants,**

**and**

**Alan Jenkins, Defendant.**

**No. 20080121–CA.**

Court of Appeals of Utah.

July 23, 2009.

---

F. Mark Hansen, Salt Lake City, for Appellant and Cross-appellee.

Russell A. Cline, Salt Lake City, for Appellees and Cross-appellants.

Before Judges GREENWOOD, BENCH, and ORME.

## OPINION

GREENWOOD, Presiding Judge:

¶1 Plaintiff D.U. Company, Inc. (DUC) appeals the trial court's order denying DUC's motion for partial summary judgment and granting Defendants' Elaine Jenkins, et al. (collectively the Jenkinses) motion for summary judgment, which resolved DUC's complaint regarding legal and equitable ownership of a residential property (the Property).[1] DUC argues that the trial court erred in concluding that DUC lacked standing to request that title be quieted in Alan Jenkins and that res judicata and judicial estoppel barred DUC from asserting that it had a legal or equitable interest in the Property. The Jenkinses argue on cross-appeal that the trial court erred in denying their motion for attorney fees as sanctions pursuant to rule 11 of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND

¶2 Elaine and her husband, Sam Jenkins, "were part of a religious and economic order (the "Order") under which all property was held 'in common.' " In 1989, DUC, a holding company created by the Order, acquired the Property on behalf of and held legal title to the Property for the benefit of Elaine and Sam. DUC obtained the $50,000 purchase price for the Property from Elaine and Sam's account with the Order. In 1997, Elaine left the Order and divorced Sam. Shortly after the divorce, Sam died intestate. Elaine and her children continued to occupy the Property. Aside from sending letters to Elaine asking her to sign a lease for and pay rent on the Property, DUC did nothing to interfere with Elaine's occupancy of the Property. In early 2005, DUC purported to sell the Prop-

---

1. We note by way of clarification that Alan Jenkins is not a party to this appeal. Alan Jenkins is the brother of Elaine Jenkins's late ex-husband, Sam. Alan was not served in this case and did not enter an appearance. In an earlier suit, however, Elaine successfully asserted her ownership interests in the Property versus Alan's claimed interests in the same. *See generally Jenkins v. Jenkins*, 2008 UT App 454U, 2008 WL 5191198 (mem.). For reasons explained more fully below, this earlier suit, along with Alan's claims therein of an interest in the Property, is ultimately at the heart of the present appeal as well.

erty to Alan Jenkins—another member of the Order and Sam's brother.

¶ 3 In 2005, Elaine Jenkins filed suit against Alan Jenkins and DUC seeking to quiet title to the Property in the name of Sam and Elaine Jenkins (the 2005 lawsuit). DUC moved to dismiss itself from the 2005 lawsuit on the basis that it had no legal or equitable interest in the Property. Elaine Jenkins did not oppose DUC's motion to dismiss and the trial court granted the unopposed motion, dismissing DUC from the 2005 lawsuit. Alan argued that he was entitled to ownership of the Property because DUC had sold it to him. After a jury verdict in Elaine's favor, the district court quieted title to the Property in Sam and Elaine Jenkins.[2] *See generally Jenkins v. Jenkins,* 2008 UT App 454U, 2008 WL 5191198 (mem.).

¶ 4 In 2007, DUC filed this action against Elaine Jenkins and her children asserting three alternative claims to legal and equitable interests in the Property, asking the trial court to either (1) quiet title to the Property in Alan Jenkins, (2) void DUC's warranty deed to Alan Jenkins and quiet title to the Property in DUC, or (3) determine legal and equitable ownership in the Property and grant DUC, in essence, an equitable lien based on an unjust enrichment theory. The Jenkinses filed a motion for summary judgment as to all three claims, and DUC filed a motion for partial summary judgment as to its first claim only.

¶ 5 After a hearing on these cross-motions, the trial court granted the Jenkinses' motion for summary judgment as to all three claims, necessarily denying DUC's motion for partial summary judgment. In so doing, the trial court concluded that DUC's first cause of action was barred because DUC lacked

standing to assert a claim to quiet title in Alan Jenkins, which issue had already been litigated in the 2005 lawsuit. The trial court further held that DUC's second claim failed because Alan Jenkins had already been adjudicated to have no title to the Property, so voiding DUC's warranty deed would have no legal effect in the present suit. Finally, the trial court determined that DUC's third claim was barred because DUC had an opportunity to litigate its potential interests in the 2005 lawsuit but asked to be dismissed from that suit, disclaiming any legal or equitable interest in the Property. The trial court stated that allowing DUC to now claim an equitable interest in the Property, contrary to its position taken in the 2005 lawsuit, would not be appropriate. Therefore, the trial court granted the Jenkinses' motion for summary judgment as to all three of DUC's claims.

¶ 6 Shortly thereafter, the Jenkinses filed a motion requesting attorney fees pursuant to rule 11 of the Utah Rules of Civil Procedure, alleging that DUC's claims regarding the Property were "not warranted by existing law (or any good faith extension thereof)." *See* Utah R. Civ. P. 11. The trial court denied this request, stating that it remained "unconvinced that subsection (b) of Rule 11 has been violated." This appeal and cross-appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 The sole issue raised on appeal by DUC is whether the trial court erred in granting the Jenkinses' motion for summary judgment.[3] "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all rea-

2. After resolution of the 2005 lawsuit, Elaine filed a quiet title action against Sam's heirs. Judgment was entered granting the relief sought so that Elaine became the sole titleholder.

3. DUC also briefly argues that the trial court erred by failing to rule on DUC's motion to strike portions of Elaine Jenkins's affidavit prior to ruling on the cross-summary judgment motions. However, DUC only requests relief on this claim of error "in the event [we] remand[ ] for further proceedings on the merits." Because we do not reverse and remand, we need not address this

argument. Furthermore, because we affirm the court's grant of the Jenkinses' motion for summary judgment as to all three of DUC's claims, we need not separately address whether the trial court erred in denying DUC's motion for partial summary judgment regarding its first claim. The same legal issue regarding DUC's request that title be quieted in Alan Jenkins is presented by both parties' motions for summary judgment and resolved by our decision on the Jenkinses' motion. *See Normandeau v. Hanson Equip., Inc.,* 2009 UT 44, ¶ 15.

sonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted).

■ ¶ 8 On cross-appeal, the Jenkinses argue that the trial court erred in denying their motion for attorney fees pursuant to rule 11 of the Utah Rules of Civil Procedure. When reviewing a challenge to a trial court's rule 11 determination we apply different standards of review depending on the issue to be considered. *See K.F.K. v. T.W.*, 2005 UT App 85, ¶ 4, 110 P.3d 162. " 'The trial court's findings of fact are reviewed under a clearly erroneous standard; [and] its ultimate conclusion that rule 11 was [or was not] violated and any subsidiary legal conclusions are reviewed under a correction of error standard. . . .' " *Id.* (second alteration in original) (quoting *Griffith v. Griffith*, 1999 UT 78, ¶ 10, 985 P.2d 255).

## ANALYSIS

### I. Cross–Motions for Summary Judgment

¶ 9 The trial court justified its decision granting summary judgment to the Jenkinses as follows: DUC's first claim (quieting title in Alan Jenkins) was barred because "DUC lacks standing to assert a claim on behalf of Alan Jenkins"; [4] and DUC's second claim (voiding DUC's warranty deed) and third claim (seeking an equitable lien on the Property) are both barred by res judicata and judicial estoppel.

¶ 10 Granting a party's request for summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Because there are no material facts in dispute,[5] we review the trial court's deci-

sion solely to determine whether the Jenkinses are legally entitled to judgment on each of DUC's three causes of action.

### A. DUC's First Cause of Action

■ ¶ 11 DUC's first cause of action sought a determination that Alan Jenkins had legal ownership of the Property. The trial court granted the Jenkinses' motion for summary judgment as to this cause of action because it determined that DUC lacked standing to assert a claim on Alan Jenkins's behalf. "In essence[,] the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Provo City Corp. v. Thompson*, 2004 UT 14, ¶ 9, 86 P.3d 735 (alteration in original) (internal quotation marks omitted). To this end, "a party may generally assert *only* his or her own rights and cannot raise the claims of third parties who are not before the court." *Id.* (emphasis added). And, where, as here, we are called upon to review only the trial court's determination of the legal requirements for standing, we review that determination for correctness. *See Jones v. Barlow*, 2007 UT 20, ¶¶ 10–11, 154 P.3d 808.

■ ¶ 12 DUC contends that standing is conferred upon any claimant who has a "legally protectable interest in the claim." DUC argues that it has a legally protectable interest in the validity of the warranty deed it earlier issued to Alan Jenkins, and thus, has standing to assert a claim to quiet title to the Property in Alan Jenkins's name. There may be a legal issue between DUC and Alan Jenkins regarding the warranty deed. But, as DUC concedes in its briefing, "[t]he additional request [for] an order quieting title to the Property in Alan Jenkins *is not an essential part of DUC's claim* "; rather, it "is

---

4. The trial court also stated that DUC's first claim was barred by res judicata as a result of the 2005 lawsuit. Nevertheless, we address DUC's standing first because it is a jurisdictional prerequisite to our, or the trial court's, consideration of DUC's claim on behalf of Alan Jenkins. *See Provo City Corp. v. Thompson*, 2004 UT 14, ¶ 8, 86 P.3d 735.

5. DUC argued before the trial court that DUC had "purchased the [P]roperty on its own ac-

count and was the legal owner free and clear of any beneficial or equitable interest of Sam or Elaine Jenkins and that they were both tenants." However, as will be discussed more thoroughly below, this is not a material fact with respect to the determination of the Jenkinses' motion for summary judgment, which motion was based largely upon the completion and preclusive effect of the 2005 lawsuit.

merely a natural consequence of the declaratory judgment [as to the warranty deed] sought by DUC." Moreover, DUC does not dispute that quieting title in Alan Jenkins's name is a "claim[ ] of [a] third part[y] who [is] not before the court." *See Thompson,* 2004 UT 14, ¶ 9, 86 P.3d 735. Because DUC has presented us with no evidence that it has a legally protectable interest in asserting Alan Jenkins's potential claims, we conclude that the trial court did not err in determining that DUC lacked standing to ask the trial court to quiet title in Alan Jenkins.

### B. DUC's Second and Third Causes of Action

¶ 13 DUC's second cause of action asked the trial court to enter "a judgment voiding DUC's warranty deed to Alan Jenkins, and quieting title to the Property in DUC." In the alternative, if DUC were found not to have an interest in the Property, DUC's third cause of action asserted unjust enrichment and requested, in essence, an equitable lien on the Property in light of "DUC's payment of property taxes and payments for repairs and improvements to the Property," which payments have unfairly benefitted the "true legal and beneficial owners of the Property." The trial court determined that each of these causes of action was barred for the same two reasons: res judicata and judicial estoppel.

■ ¶ 14 The term "res judicata" refers generally to the preclusive effects of judgments previously entered, and consists of "two branches: claim preclusion and issue preclusion." *Brigham Young Univ. v. Tremco Consultants, Inc.,* 2005 UT 19, ¶ 25, 110 P.3d 678. The Utah Supreme Court recently explained these different preclusive branches as follows:

> In general terms, claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously. For claim preclusion to apply, three requirements must be met: (1)[T]he subsequent action must involve the same parties, their privies, or their assigns as

the first action, (2) the claim to be barred must have been brought or have been available in the first action, and (3) the first action must have produced a final judgment on the merits of the claim.

> In contrast, issue preclusion, also referred to as collateral estoppel, prevents parties or their privies from relitigating issues which were once adjudicated on the merits and have resulted in a final judgment. The four requirements of issue preclusion are as follows: (1)[T]he party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (2) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (3) the issue in the first action must have been completely, fully, and fairly litigated; and (4) the first suit must have resulted in a final judgment on the merits.

*Id.* ¶¶ 26–27 (alterations in original) (citations and internal quotation marks omitted).

■ ¶ 15 Although the trial court did not specify whether DUC's claims were barred by claim or issue preclusion, it is clear from the record that claim preclusion bars DUC's claims. DUC argues that its dismissal as a party from the 2005 lawsuit means that the 2005 lawsuit can have no preclusive effect on it. However, the record is clear that DUC was a party to the 2005 lawsuit; the trial court's grant of DUC's request for dismissal from that suit does not change that fact. Thus, the 2005 lawsuit and the present action "involve the same parties." *See id.* ¶ 26. Furthermore, DUC's claims to legal and equitable title to the Property were available in the 2005 lawsuit, and the question of legal and equitable title to the Property was fully litigated in the 2005 lawsuit and resulted in a final judgment on the merits in favor of Elaine Jenkins.[6] Accordingly, based on the undisputed, material facts in this case, the trial court was correct in concluding that DUC's second and third causes of action were barred by res judicata and in granting

---

6. The 2005 lawsuit expressly addressed and resolved claims reiterated in this case, e.g., the claim that Sam and Elaine's divorce decree waived any right to the Property because they stipulated therein that they had no title, thus vesting title in DUC.

summary judgment to the Jenkinses regarding these causes of action.

¶ 16 Additionally, the trial court concluded that judicial estoppel provides an alternative ground for dismissing DUC's second and third causes of action. In so doing, the trial court noted that DUC disclaimed any legal or equitable interest in the Property during the 2005 lawsuit and concluded that it would be unfair to allow DUC to change its position at this point.

> Under judicial estoppel, a person may not, to the prejudice of another person, deny any position taken in a prior judicial proceeding between the same persons or their privies involving the same subject matter, if such prior position was successfully maintained. The purpose behind judicial estoppel is to discourage machinations by the parties that subvert the integrity of the judicial system.

*3D Constr. & Dev., LLC v. Old Standard Life Ins. Co.*, 2005 UT App 307, ¶ 11, 117 P.3d 1082 (citation and internal quotation marks omitted).

¶ 17 As stated earlier, the 2005 lawsuit involved the determination of legal and equitable title to the Property. Rather than asserting its legal and equitable claims at that time, DUC moved to dismiss itself as a party from the 2005 lawsuit, stating that it "has no legal or equitable interest in the ... [P]roperty." The trial court presiding over the 2005 lawsuit granted this unopposed motion and dismissed DUC as a party from the 2005 lawsuit. In the present suit, DUC argues that it has both a legal and an equitable interest in the Property regarding DUC's past "payment of property taxes and payments for repairs and improvements to the property." Because DUC successfully maintained in the 2005 lawsuit that it had no legal or equitable interest in the Property, we see no error in the trial court's conclusion that DUC should be judicially estopped from now asserting the opposite, to the prejudice of the Jenkinses.[7] Consequently, we determine that the trial court correctly granted summary judgment in favor of the Jenkinses

with respect to DUC's second and third causes of action, based on res judicata and judicial estoppel.

## II. The Jenkinses' Request for Rule 11 Sanctions

¶ 18 Rule 11 of the Utah Rules of Civil Procedure allows a court to "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) [of rule 11] or are responsible for the violation," Utah R. Civ. P. 11(c), which sanctions may, where applicable, include "an order directing payment ... of some or all of the reasonable attorney fees and other expenses incurred as a direct result of the violation," *id.* R. 11(c)(2). Particular to this case, subsection (b) of rule 11 requires that each person presenting pleadings, motions, or other papers to the court certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *id.* R. 11(b), "the claims, defenses, and other legal contentions [contained in their motion] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," *id.* R. 11(b)(2).

¶ 19 Shortly after oral argument on the cross-motions for summary judgment, the Jenkinses filed their rule 11 motion requesting attorney fees from DUC and arguing that DUC's claims are "not warranted by existing law or any good faith extension thereof." The motion was filed with the court after service on DUC at least twenty-one days earlier, in compliance with rule 11(c)(1)(A). *See id.* R. 11(c)(1)(A). The trial court declined to impose the requested sanctions because it was "unconvinced that subsection (b) of rule 11 had been violated and consequently [it] f[ou]nd sanctions to be inappropriate." We review this determination for correctness. *See K.F.K. v. T.W.*, 2005 UT App 85, ¶ 4, 110 P.3d 162.

¶ 20 The Jenkinses' rule 11 motion was based upon the alleged impropriety of

---

7. In considering both claim preclusion and judicial estoppel, it is clear that DUC could have asserted in the 2005 lawsuit its alleged legal

interest in the Property and its equitable claim of unjust enrichment, as it now does.

DUC's entire suit. The Jenkinses contend that the issues were conclusively resolved by the 2005 lawsuit and accordingly were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," *see* Utah R. Civ. P. 11(b)(2). However, the import of DUC's failure to claim some interest in the property or to seek equitable remedies in the 2005 lawsuit is not patently obvious and therefore not brought frivolously in this case. We thus determine the trial court did not err in denying relief under rule 11. As a consequence, we also deny the Jenkinses' request for attorney fees incurred on appeal.

## CONCLUSION

¶ 21 In conclusion, the trial court did not err in granting the Jenkinses' motion for summary judgment as to all three of DUC's causes of action because DUC had no standing to raise its first claim and DUC's second and third claims are barred by res judicata and judicial estoppel. Furthermore, the trial court did not err in denying the Jenkinses' rule 11 motion. Affirmed.

¶ 22 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.