2009 UT 44

Emily **NORMANDEAU**, individually and as guardian for Alex Thayne, Jacob Thayn, and Hannah Normandeau, minors; and Lori Normandeau, as guardian for Daniel Normandeau and Melissa Normandeau, minors, on behalf of and for the benefit of the heirs of Dennis Normandeau, deceased. Plaintiffs and Respondents,

v.

**HANSON EQUIPMENT, INC.**, a corporation; **International Truck and Engine Corporation**, a corporation; **Bendix Commercial Vehicle Systems, LLC**, a limited liability company; **General Motors Corporation**, a corporation, by and

---

through its Allison Transmission Division; Budget Rent A Car System, Inc., a corporation fka Budget/Ryder TRS; Summit House Fine Furniture, L.L.C., a limited liability company; Dana Corporation, a corporation; and John Does 1–10, Defendants and Petitioner.

No. 20071006.

Supreme Court of Utah.

July 21, 2009.

Colin P. King, Paul M. Simmons, Tawni J. Anderson, Salt Lake City, for respondents.

Melinda A. Morgan, Zachary E. Peterson, Salt Lake City, for petitioner.

PARRISH, Justice:

## INTRODUCTION

¶ 1 We granted certiorari on the question of whether the district court's denial of a pretrial motion for summary judgment is appealable after the trial has concluded and the jury has rendered its verdict and, if so, whether the party appealing the denial of the motion for summary judgement is required to reraise the basis for the motion during trial in order to preserve it for appeal. Regardless of whether the issue on which summary judgment was denied was reraised during trial, we hold that a party may appeal a denial of a motion for summary judgment so long as the basis for the motion was purely legal. We accordingly reverse the decision of the court of appeals.

## FACTS & PROCEDURAL HISTORY

¶ 2 Mr. Normandeau, a tow truck driver, was killed as he prepared a Ryder rental truck for towing. A faulty repair to the

truck's hydraulic hose caused torque to build up in the driveline. As a result, when Mr. Normandeau disconnected the driveline in preparation for towing, a portion of the rear differential broke loose and struck his head, killing him instantly. His heirs (the "Normandeaus") sued Hanson Equipment ("Hanson"), the company that had performed repairs to the hydraulic hose shortly before the accident.

¶ 3 Prior to trial, Hanson moved for summary judgment, claiming that it owed no duty to Mr. Normandeau as a matter of law and that its prior repair of the truck was not the proximate cause of Mr. Normandeau's death. At the summary judgment hearing, the Normandeaus argued that the question of duty could be decided as a matter of law, and neither Hanson nor the judge disputed this assertion. Hanson claimed that it was not foreseeable that the built up tension in the driveline would kill a potential tow truck driver. Because there was a question of fact about whether the faulty repair was a foreseeable cause of Mr. Normandeau's death, the district court denied summary judgment. Although the district court was not clear during the summary judgment hearing or in its subsequent written order about whether the foreseeability question went to both duty and proximate cause or just proximate cause, the parties apparently understood that any disputed factual issues went to the question of causation rather than duty.[1] At trial, the parties disputed whether Hanson's repair to the truck was a proximate cause of Mr. Normandeau's injuries but did not raise the issue of whether Hanson owed Mr. Normandeau a duty. The jury found for the Normandeaus and assigned Hanson all of the liability.

¶ 4 Hanson appealed the district court's denial of their pretrial summary judgment motion on the issue of duty. The court of appeals held that it could not review the ruling because Hanson did not litigate the issue at trial and failed to make a rule 50(b) motion for directed verdict on the issue. *Normandeau v. Hanson Equip. Inc.*, 2007 UT App 382, ¶¶ 13–14, 174 P.3d 1. The court

of appeals explained that it could only review denials of pretrial summary judgment motions in cases where the litigant was foreclosed from raising at trial the basis for the motion. *Id.* (citing *Wayment v. Howard,* 2006 UT 56, ¶ 20, 144 P.3d 1147). We have jurisdiction to review the court of appeal's decision pursuant to Utah Code section 78A–3–102(3)(a) (2008).

## ISSUES & STANDARD OF REVIEW

¶ 5 We granted certiorari to address two questions: (1) whether the court of appeals erred in its construction and application of the rules governing appellate consideration of challenges to denials of summary judgment on direct appeal following entry of final judgment and (2) whether the court of appeals erred in its assessment of the effect of Hanson's failure to explicitly raise the issue of duty of care at trial after denial of its motion for summary judgment on that issue.

¶ 6 "'On certiorari, we review the court of appeals' decision for correctness, focusing on whether that court correctly reviewed the trial court's decision under the appropriate standard of review.'" *Pratt v. Nelson,* 2007 UT 41, ¶ 12, 164 P.3d 366 (quoting *Hansen v. Eyre,* 2005 UT 29, ¶ 8, 116 P.3d 290).

## ANALYSIS

I. THE COURT OF APPEALS ERRED IN HOLDING THAT IT COULD NOT REVIEW THE DISTRICT COURT'S DENIAL OF HANSON'S PRETRIAL SUMMARY JUDGMENT MOTION

¶ 7 Appellate courts may review the denial of a pretrial summary judgment motion if the motion was decided on purely legal grounds. We previously have held that "[i]n appealing a summary judgment ruling, only facts and legal theories that were *foreclosed* from being addressed at trial may be heard on appeal." *Wayment v. Howard,* 2006 UT 56, ¶ 20, 144 P.3d 1147; *see also Brown v. Jorgensen,* 2006 UT App 168, ¶¶ 19–22, 136

---

1. Indeed, our precedent is clear that the question of duty is a purely legal issue. *See* discussion *infra* Part I.B.

P.3d 1252 (reviewing the pretrial denial of a summary judgment motion based on the court's decision not to strike a supporting affidavit, a legal issue that would be foreclosed from litigation at trial). However, our case law has been less than clear in defining when appellate review of denials of summary judgment motions is precluded. For example, we have sometimes reviewed the denial of a summary judgment motion when the issue raised was not subsequently litigated at trial, even though parties were not explicitly foreclosed from reraising the issue. *See Prince, Yeates & Geldzahler v. Young*, 2004 UT 26, ¶ 9, 94 P.3d 179 (considering after trial whether the district court erred in denying plaintiff's summary judgment motion on the basis that no contract existed as a matter of law). But we have also held that if a party has "the opportunity to fully litigate the issues raised in the summary judgment motions," we will not review the court's denial of those motions. *Wayment*, 2006 UT 56, ¶ 19, 144 P.3d 1147.

¶ 8 Given the lack of clarity in our prior case law, we first examine what standard the court of appeals should have applied in determining whether to review the denial of Hanson's summary judgment motion. We then apply the standard to the issue of duty in this case.

*A. Appellate Courts May Review Pretrial Denials of Summary Judgment Motions After Final Judgment Has Issued If the District Court Denied Summary Judgment on Purely Legal Grounds*

¶ 9 On appeal, we will review a district court's denial of a summary judgment motion when the district court makes a legal ruling based on undisputed facts that do not materially change at trial. *See Estate Landscape & Snow Removal Specialists, Inc. v. Mountain States Tel. & Tel. Co.*, 844 P.2d 322, 326 (Utah 1992). The district court must deny a motion for summary judgment if it finds that there is a genuine issue of material fact that bears on its legal determination or if it finds, as a matter of law based on the undisputed facts, that the moving party is not entitled to a legal ruling in its favor. *See* Utah R. Civ. P. 56(c). Because

district courts are not required to specify the grounds on which they deny a motion for summary judgment, it may be difficult in some cases to ascertain whether the court denied a summary judgement motion based on the existence of a disputed material fact or as a result of a purely legal ruling.

¶ 10 This potential difficulty leads the Normandeaus to argue that this court should abandon our prior rulings allowing us to review pretrial denials of summary judgment in favor of a bright line rule precluding all appellate review of such motions unless they are renewed at the conclusion of trial. Specifically, they argue that by allowing losing parties to appeal pretrial denials of summary judgment motions, appellate courts allow the summary judgment motion to become "a bomb planted within the litigation at its early stages and exploded on appeal." *Holley v. Northrop Worldwide Aircraft Servs., Inc.*, 835 F.2d 1375, 1377 (11th Cir.1988); *see also Feiger, Collison & Killmer v. Jones*, 926 P.2d 1244, 1249–50 (Colo.1996).

¶ 11 Although some jurisdictions have chosen to implement this bright line rule, others recognize that "[a] critical distinction exists between 'summary judgment motions raising the sufficiency of the evidence to create a fact question for the jury and those raising a question of law that the court must decide.'" *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1229 (10th Cir.1995) (quoting *Ruyle v. Cont. Oil Co.*, 44 F.3d 837, 842 (10th Cir.1994)). For example, in order to prevent parties from challenging summary judgment motions on appeal that were denied due to disputed material facts rather than on purely legal grounds, the Eleventh Circuit will not review the denial of a pretrial summary judgment motion if "(a) by trial the evidence produced by the opposing party was sufficient to be presented to the jury; or (b) by trial the evidence had been supplemented or changed in some manner favorable to the party who opposed summary judgment." *Holley*, 835 F.2d at 1377–78. This rule comports with our past appellate review of denied summary judgment motions.

¶ 12 In *Estate Landscape*, we reviewed a pretrial denial of a summary judgment motion when the pretrial judge made a legal

ruling regarding accord and satisfaction that the trial judge declined to reconsider. 844 P.2d at 325. In that case, it would have been futile for the losing party to litigate accord and satisfaction at trial due to the earlier court ruling; no factual issue at trial would have affected the legal determination. Thus, we held that the denial of the earlier summary judgment motion, which had not thereafter been litigated at trial, was appealable. *Id.* at 325–26.

¶ 13 Similarly, in *Prince, Yeates & Geldzahler* we reversed a jury verdict based on an improper denial of summary judgment even though the legal issue decided by the court denying the motion was not specifically foreclosed from being litigated at trial. 2004 UT 26, ¶¶ 12–14, 94 P.3d 179. In that case, Prince Yeates sought summary judgment prior to the trial, arguing that under the undisputed material facts no contract existed between the parties as a matter of law. *Id.* ¶¶ 7–9. The district court denied the motion. *Id.* When the case went to the jury, the court instructed them that the plaintiffs' oral agreement with Prince Yeates was a valid express contract. Prince Yeates did not object to this instruction. Brief of Appellee and Cross–Appellant at 37, *Prince, Yeates & Geldzahler v. Young,* 2004 UT 26, 94 P.3d 179 (No. 20020347). Although nothing in the denial of summary judgment suggested that Prince Yeats was foreclosed from litigating the existence of the contract at trial, we reviewed the pretrial legal ruling and reversed the jury verdict. Based on the undisputed facts presented in the summary judgment motion, which remained materially unchanged at trial, we held that the district court erred in determining that the vague oral agreement constituted an enforceable contract. *Prince, Yeates & Geldzahler,* 2004 UT 26, ¶ 14, 94 P.3d 179.

■ ¶ 14 Purely legal issues are not decided by a trier of fact. Therefore, while we have stated that we review "only facts and legal theories that were *foreclosed* from being addressed at trial," *Wayment,* 2006 UT 56, ¶ 20, 144 P.3d 1147, we do not require parties to reargue at trial legal issues that a trier of fact cannot decide. In both *Estate Landscape* and *Prince Yeates,* the parties would not have benefitted from the opportunity to litigate the disputed legal issue at trial since both the existence of an accord and satisfaction and the existence of a contract in these cases were legal issues decided by the court. While the *Prince Yeates* litigants were not explicitly prevented from relitigating the existence of a contract, there would have been no benefit to doing so. Moreover, to allow review of pretrial denials of summary judgment only when a party is explicitly forbidden from reraising the legal issue at trial would preclude appellate consideration of nearly all pretrial denials of summary judgment motions because "reconsideration of an issue before a final judgment is within the sound discretion of the district court." *IHC Health Servs. Inc. v. D&K Mgmt. Inc.,* 2008 UT 73, ¶ 27, 196 P.3d 588.

■ ¶ 15 We therefore hold that when a court denies a motion for summary judgment on a purely legal basis, that is where the court denies the motion based on the undisputed facts, rather than because of the existence of a disputed material fact, the party denied summary judgment may challenge that denial on appeal. Any time "that reasonable minds could not differ as to the conclusion to draw from the evidence or that the evidence adduced was simply insufficient to sustain the legal claim, then the trial court should rule on the issue as a matter of law." *AMS Salt Indus. Inc. v. Magnesium Corp. of Am.,* 942 P.2d 315, 320 (Utah 1997). On the other hand, when disputed facts bear on the decision or when new material facts emerge at trial that change the nature of the legal determination, parties then have an obligation to reraise the issue at trial in order to preserve it for appeal. *See Holley,* 835 F.2d at 1377.

¶ 16 Because we hold that we may review a district court's denial of a summary judgment motion if the denial was based on a purely legal issue, we now analyze whether the district court's denial of Hanson's summary judgment motion is reviewable.

*B. The District Court Made a Legal Ruling Based on Undisputed Facts When It Denied Hanson's Summary Judgment Motion on the Issue of Whether Hanson Owed Mr. Normandeau a Duty of Care*

■ ¶ 17 Because duty is a purely legal issue for the court to decide, the court of

appeals erred when it determined that it could not review the pretrial denial of Hanson's summary judgment motion. The court of appeals held that it could not review the denial because duty of care is "heavily fact sensitive and is intertwined with the issue of foreseeability." *Normandeau v. Hanson Equip.*, 2007 UT App 382, ¶ 14, 174 P.3d 1. The court of appeals reasoned that the issue of foreseeability bears on both duty and proximate cause, and thus the district court could not have ruled on duty as a matter of law. *Id.*

¶ 18 In contrast to the court of appeals' assertion that duty was submitted to the jury in the form of questions surrounding foreseeability, appellate courts have consistently held that "[t]he determination of whether a legal duty exists falls to the court." *Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶ 14, 143 P.3d 283; *see also Rose v. Provo City*, 2003 UT App 77, ¶ 8, 67 P.3d 1017 ("[W]hether a duty of care is owed is 'entirely a question of law to be determined by the court.'" (quoting *Lamarr v. Utah Dep't of Transp.*, 828 P.2d 535, 538 (Utah Ct.App. 1992))); *AMS Salt Indus.*, 942 P.2d at 319 ("[T]he question of whether a duty exists is a question of law." (internal quotation marks omitted)). Moreover, during the summary judgment hearing, the Normandeaus agreed that duty would be "decided by the Court, as a matter of law" rather than by the jury. Consistent with the parties' understanding that a denial of summary judgment on the issue of duty was determined as a matter of law, the parties did not argue about duty at trial. Still, the Normandeaus argue that the question of whether Hanson owed a duty to the Normandeaus was dependent on whether the negligent repair caused Mr. Normandeau's death or whether he caused his own death by not checking for built up torque. Although this factual question does implicate the foreseeability of Mr. Normandeau's death, the specific mechanism of death is more properly an issue of proximate cause than one of duty.

██ ¶ 19 "'A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct to-

ward another.'" *AMS Salt Indus.*, 942 P.2d at 320–21 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 53, at 356 (5th ed.1984)). A court determines whether a duty exists by analyzing the legal relationship between the parties, the foreseeability of injury, the likelihood of injury, public policy as to which party can best bear the loss occasioned by the injury, and other general policy considerations. *Id.* at 321. "Legal duty, then, is the product of policy judgments applied to relationships." *Yazd*, 2006 UT 47, ¶ 17, 143 P.3d 283; *see also Slisze v. Stanley–Bostitch*, 1999 UT 20, ¶¶ 9–10, 979 P.2d 317 (finding that a manufacturer had no duty as a matter of law to inform a consumer that a safer alternative to its product existed); *Ferree v. State*, 784 P.2d 149, 151–52 (Utah 1989) (finding that corrections officers owe no duty of care to the general public because it would be contrary to the public policy of promoting rehabilitative programs).

██ ¶ 20 Foreseeability as a factor in determining duty does not relate to the specifics of the alleged tortious conduct but rather to the general relationship between the alleged tortfeasor and the victim. "Whether a harm was foreseeable in the context of determining duty depends on the general foreseeability of such harm, not whether the specific mechanism of the harm could be foreseen." *Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 209, 212 (Ky.Ct.App. 2007); *see also Steffensen v. Smith's Mgmt. Corp.*, 862 P.2d 1342, 1346 (Utah 1993) ("What is necessary to meet the test of negligence ... is that [the harm] be reasonably foreseeable, not that the particular accident would occur, but only that there is a likelihood of an occurrence of the same general nature." (internal quotation marks omitted)).

¶ 21 At times, factual issues may bear on the issue of foreseeability as it relates to duty, but this is not such a case. The Normandeaus argue that the district court denied Hanson's motion for summary judgment on the issue of duty based on the extensive disputed material facts, relying on several Utah cases that have allowed the issue of foreseeability as it relates to duty to proceed to the jury. *See Cruz v. Middlekauff Lin-*

coln–Mercury, Inc., 909 P.2d 1252, 1255–56 (Utah 1996); Steffensen, 862 P.2d at 1346 (finding that jury instruction regarding foreseeability related primarily to proximate cause, though acknowledging that it could bear on negligence as well); Rees v. Albertson's, Inc. 587 P.2d 130, 133 (Utah 1978).[2] For instance, when parties disputed whether "special circumstances" existed to find that the owner of a car who left the key in its ignition had a duty to a couple injured when the car was stolen, the court allowed the jury to evaluate the facts. Cruz, 909 P.2d at 1255–56. If there were such "special circumstances," then the car owner owed the injured party a duty. Id. at 1256. But in this case, there is no specific relationship test to be applied to determine whether Hanson owed Mr. Normandeau a duty. Rather, the court had the undisputed facts necessary to examine " 'the legal relationships between the parties ... [and analyze] the duties created by these relationships.' " Yazd, 2006 UT 47, ¶ 15, 143 P.3d 283 (quoting Loveland v. Orem City Corp., 746 P.2d 763, 766 (Utah 1987)).

¶ 22 In this case, the parties did not dispute that Hanson repaired the moving truck's hydraulic line, that the hydraulic line failed, that Mr. Normandeau was called to tow the truck, and that he was then killed when the driveline hit him in the head. By denying summary judgment, the district court implicitly found that Hanson had a duty to avoid creating a hazardous situation for a tow truck driver. The intertwined questions of fact did not go to the question of whether Hanson owed a duty to Mr. Normandeau, but rather to whether the repair to the driveline was the proximate cause of his death. Thus, like the losing parties in Estate Landscape and Prince Yeates, Hanson would not have benefitted from reraising the issue of duty at trial. The jury could not decide the issue as the court had already made a purely legal determination based on the undisputed material facts. And no new evidence was offered at trial to undermine the basis for the court's initial determination.

II. ONCE A PARTY HAS PROPERLY PRESERVED A PURELY LEGAL ISSUE THROUGH A PRETRIAL MOTION FOR SUMMARY JUDGMENT, IT IS NOT REQUIRED TO RERAISE THAT ISSUE AT TRIAL IN ORDER TO PRESERVE IT FOR APPELLATE REVIEW

¶ 23 Because the district court ruled on summary judgment that Hanson owed Mr. Normandeau a duty of care, Hanson was not required to reraise the duty issue in a motion for directed verdict in order to preserve its appellate rights. "[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." Brookside Mobile Home Park, Ltd. v. Peebles, 2002 UT 48, ¶ 14, 48 P.3d 968 (citing Badger v. Brooklyn Canal Co., 966 P.2d 844, 847 (Utah 1998)). An issue is preserved if it is raised in a timely fashion, clearly identified, and adequately briefed. Id. "[O]nce trial counsel has raised an issue before the trial court, and the trial court has considered the issue, the issue is preserved for appeal." Id. We impose no specific requirement that "a party ... file a post-judgment motion before the trial court as a prerequisite to filing an appeal." Sittner v. Schriever, 2000 UT 45, ¶ 16, 2 P.3d 442 (reviewing grant of partial summary judgment even though it was not raised in a post-judgment motion).

¶ 24 The Normandeaus argue that we should require parties to reraise legal issues decided on summary judgment to give the court a chance to reconsider them in light of the facts presented and decided at trial. It is true that "the interlocutory nature of a partial summary judgment leaves [determinations made in such motions] subject to modification by the trial court up until the entry of final judgment." Wayment v. How-

---

2. In Rees, we stated that when there is a dispute about the foreseeability of an injury occurring, "the questions relating to negligence and proximate cause are generally for the fact-trier, court or jury, to determine." Rees, 587 P.2d at 133. But the foreseeability discussed in Rees—whether Albertson's could have reasonably foreseen that breaching its duty not to sell beer to minors— related to whether Albertson's was the proximate cause of the resulting accident not, as contested by the Normandeaus, whether Albertson's had a duty not to sell the beer.

*ard,* 2006 UT 56, ¶ 20, 144 P.3d 1147. But raising a legal issue during a summary judgment motion based on the undisputed facts properly provides the court with an opportunity to rule on the issue. And once the district court has an opportunity to consider the legal issue, as is the case when the motion for summary judgment is denied based on the undisputed facts that do not materially change at the subsequent trial, we will not require parties to reraise the same issue in order to preserve it for appeal. We therefore hold that by moving for summary judgment on the issue of duty, Hanson properly preserved that issue for appeal.

## CONCLUSION

¶ 25 The court of appeals erred in determining that it lacked jurisdiction to consider Hanson's appeal of the district court's denial of its summary judgment motion on the issue of duty. Hanson was not required to reraise the duty issue at the close of trial in order to preserve its right to appeal the district court's decision. We therefore reverse the decision of the court of appeals and remand this matter to the court of appeals to consider whether the district court properly ruled that Hanson owed Mr. Normandeau a duty of care.

¶ 26 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.