2010 UT App 121

Emily NORMANDEAU, individually and as guardian for Alex Thayn, Jacob Thayn, and Hannah Normandeau, minors; and Lori Normandeau, as guardian for Daniel Normandeau and Melissa Normandeau, minors, on behalf of and for the benefit of the heirs of Dennis Normandeau, deceased, Plaintiffs and Appellees,

v.

HANSON EQUIPMENT, INC., a corporation; et al., Defendant and Appellant.

No. 20060723–CA.

Court of Appeals of Utah.

May 13, 2010.

Melinda A. Morgan and Zachary E. Peterson, Salt Lake City, for Appellant.

Colin P. King and Paul M. Simmons, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and VOROS.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 This case involves a wrongful death lawsuit brought by Dennis Normandeau's heirs against Hanson Equipment, Inc (Hanson). We previously addressed this case in *Normandeau v. Hanson Equipment Inc. (Normandeau I)*, 2007 UT App 382, 174 P.3d

1, *rev'd*, 2009 UT 44, 215 P.3d 152.[1] In *Normandeau I*, we concluded that "under prior Utah case law and the facts of this case" the denial of the motion for summary judgment on the issue of duty was not appealable, *id.* ¶ 14, because Hanson had not been prevented "from dealing with the issue at trial," *id.* ¶ 13, and "though technically an issue of law, [duty] is heavily fact-sensitive," *id.* ¶ 14. Concluding that duty is a purely legal question, the Utah Supreme Court rejected our reasoning, *see Normandeau v. Hanson Equip., Inc. (Normandeau II)*, 2009 UT 44, ¶¶ 18–22, 215 P.3d 152, and remanded the case to this court to decide "whether the district court properly ruled that Hanson owed Mr. Normandeau a duty of care," *id.* ¶ 25. Notwithstanding its acknowledgment that "[a]t times, factual issues may bear on the issue of foreseeability as it relates to duty," *id.* ¶ 21, as well as the fact that at the time of summary judgment in this case there were disputed issues of material fact as to the foreseeability of Normandeau's injury,[2] our supreme court has instructed us to determine, as a matter of law, whether the trial court erred in denying Hanson's motion for summary judgment on the issue of duty. "When reviewing summary judgment determinations, we review for correction of error, considering the facts and inferences in the light most favorable to the non-moving party." *Tallman v. City of Hurricane*, 1999 UT 55, ¶ 1, 985 P.2d 892. We conclude that the trial court did not err in denying Hanson's motion for summary judgment.

¶ 2 "A court determines whether a duty exists by analyzing the legal relationship between the parties, the foreseeability of injury, the likelihood of injury, public policy as to which party can best bear the loss occasioned by the injury, and other general policy considerations." *Normandeau II*,

2009 UT 44, ¶ 19, 215 P.3d 152 (citing *AMS Salt Indus., Inc. v. Magnesium Corp. of Am.*, 942 P.2d 315, 321 (Utah 1997)). As to the first factor, Hanson contends that no legal relationship exists between Hanson and Normandeau. However, the law is clear that one who conducts repairs on a product owes a duty to individuals who might foreseeably be injured by a negligent repair. *See, e.g., Vrooman v. Beech Aircraft Corp.*, 183 F.2d 479, 481 (10th Cir.1950) ("[T]he rule of liability has been made generally applicable to one who, as an independent contractor negligently makes, rebuilds, or repairs a chattel for another."); Restatement (Second) of Torts § 404 (1965) ("One who as an independent contractor negligently makes, rebuilds, or repairs a chattel for another is subject to the same liability as that imposed upon negligent manufacturers of chattels.").

¶ 3 Regarding the interrelated issue of foreseeability, Hanson focuses on the attenuated relationship between a tow truck driver and a truck repair shop. This focus is misguided because, in our view, it was clearly foreseeable that the negligent repair to the truck's hydraulic system would cause the truck to break down, thus requiring the services of a tow truck driver.[3] The slightly more difficult question, however, is whether the injury to Normandeau was foreseeable. "Whether a harm was foreseeable in the context of determining duty depends on the general foreseeability of such harm, not whether the specific mechanism of the harm could be foreseen." *Normandeau II*, 2009 UT 44, ¶ 20, 215 P.3d 152 (internal quotation marks omitted). Here, the following facts are undisputed: (1) Hanson is a certified repair shop for Ryder trucks and, thus, has unique expertise on the type of repair performed on the Ryder truck involved in this case; (2) Hanson negligently repaired the

1. Because this case has a fairly extensive appellate history, including two prior published opinions, we do not recite the facts again here. Rather, a complete recitation of the facts underlying the wrongful death action, as well as the subsequent procedural history of the case, is found in *Normandeau v. Hanson Equipment, Inc. (Normandeau I)*, 2007 UT App 382, ¶¶ 2–6, 174 P.3d 1, *rev'd*, 2009 UT 44, 215 P.3d 152, and *Normandeau v. Hanson Equipment, Inc. (Normandeau II)*, 2009 UT 44, ¶¶ 2–4, 215 P.3d 152.

2. At the time of summary judgment, there were disputed factual issues regarding whether Normandeau had improperly prepared the truck for towing. This issue was presented to the jury at trial and resolved against Hanson.

3. Hanson conceded the same at the hearing on the motion for summary judgment.

hose in the hydraulic system, which eventually caused the hose to leak; (3) the resulting loss of hydraulic fluid caused the parking brake to engage, which in turn caused the driveline to stop turning and excessive torque to build up in the driveline; (4) the substantial torque that had built up created a risk to anyone working on the driveline; and (5) before Normandeau could tow the truck, he had to disengage the driveline. In light of the above, it is clear that Hanson's negligent repair caused the very hazard, that is, the excessive amount of torque in the driveline, that caused the fatal injury to Normandeau. Accordingly, under the facts of this case—and in light of the fact that Hanson was in a position, given its expertise, to predict that an accident of this type would occur if the hydraulic system were negligently repaired—we conclude that the injury was indeed foreseeable.[4]

¶ 4 Finally, public policy considerations also weigh in favor of concluding that a duty existed in this case. As Normandeau correctly points out in his brief, the public policy behind tort law is to hold tortfeasors accountable for harms occasioned by their fault. *See generally Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex.2009) ("Liability is grounded in the public policy behind the law of negligence which dictates every person is responsible for injuries which are the reasonably foreseeable consequence of his act or omission."). Accordingly, as between an innocent party and a negligent tortfeasor, public policy requires that any loss should be born by the tortfeasor.[5]

¶ 5 Based on the foregoing, we conclude that the trial court did not err in denying Hanson's summary judgment motion. Han-

son failed to establish, as a matter of law, that it owed no duty of care to Normandeau.[6] Affirmed.

¶ 6 WE CONCUR: GREGORY K. ORME and J. FREDERIC VOROS JR., Judges.

---

4. We agree with Normandeau that *Reimer v. City of Crookston,* 326 F.3d 957 (8th Cir.2003), the case cited by Hanson for the proposition that Normandeau's injury was not foreseeable, is factually distinguishable and, accordingly, unhelpful.

5. Where the parties have not identified or argued any other general policy considerations bearing on the issue of duty, we do not address the issue further. *See generally Normandeau II,* 2009 UT 44, ¶ 19, 215 P.3d 152 (noting that whether a duty is owed is determined by considering, among other factors, "general policy considerations").

6. Hanson briefly contends that the professional rescuer doctrine applies in this case, *see Fordham v. Oldroyd,* 2007 UT 74, 171 P.3d 411. However, in adopting this doctrine, the Utah Supreme Court has specifically limited its application to "professional rescuers who, *like firefighters and police officers, are public employees.*" *Id.* ¶ 14 (emphasis added). We do not view tow truck drivers to be analogous to firefighters and police officers, and they are clearly not public employees. Therefore, even assuming—without deciding—that this issue was properly preserved, we decline to extend the doctrine to reach the facts of this case.