IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Christopher Dee, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110464-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 23, 2012) |
| Ricky L. Johnson, | ) | |
| | ) | 2012 UT App 237 |
| Defendant and Appellee. | ) | |
| | ) | |

-----

First District, Brigham City Department, 100100231
The Honorable Ben H. Hadfield

Attorneys:     Robert G. Gilchrist, Eric S. Olson, and Jordan P. Kendell, Salt Lake City,
               for Appellant
               Terry M. Plant and Joshua T. Gardner, Salt Lake City, for Appellee

-----

Before Judges Voros, Davis, and Christiansen.

VOROS, Associate Presiding Judge:

¶1     This is a personal injury case arising from an automobile collision.  Defendant
Ricky L. Johnson filed a motion for summary judgment, arguing that his negligence was
not a proximate cause of plaintiff Christopher Dee's injuries.[1]  The trial court agreed and
granted summary judgment in favor of Johnson.  We affirm.

---

[1]For purposes of his motion, Johnson admitted that he owed Dee a duty of care,
that he breached his duty, and that Dee suffered damages.

¶2 Johnson was driving his car eastbound on I-84 near Tremonton, Utah, when the roads became slick with snow and ice—Johnson later described it as a "skating rink." Johnson lost control, and his car slid into the median. He called the Utah Highway Patrol, which called for a tow truck. The tow truck arrived within twenty minutes and pulled Johnson's car onto the highway, partially blocking the left lane. Other vehicles began to lose control, and Dee's vehicle hit the tow truck. Dee sustained severe injuries.

¶3 Dee challenges the trial court's ruling that, as a matter of law, Johnson's negligence did not proximately cause Dee's injuries. "An appellate court reviews a trial court's legal conclusions and ultimate grant . . . of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted). "[S]ummary judgment is appropriate in negligence cases only in the clearest instances." *Dwiggins v. Morgan Jewelers*, 811 P.2d 182, 183 (Utah 1991); *see also Jensen v. Mountain States Tel. & Tel. Co.*, 611 P.2d 363, 365 (Utah 1980) (recognizing that "in appropriate circumstances summary judgment may be granted on the issue of proximate cause"). Therefore, "[i]t is only when the facts are undisputed and but one reasonable conclusion can be drawn therefrom" that proximate cause becomes a question of law. *Apache Tank Lines, Inc. v. Cheney*, 706 P.2d 614, 615 (Utah 1985); *see also Raab v. Utah Ry. Co.*, 2009 UT 61, ¶ 11, 221 P.3d 219.

¶4 Proximate cause is "that cause which, in a natural and continuous sequence, unbroken by any new cause, produced the injury, and without which the injury would not have occurred." *Bunker v. Union Pac. R.R. Co.*, 38 Utah 575, 114 P. 764, 775 (1911); *see also Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 27, 215 P.3d 143 ("An event is the legal or proximate cause of the plaintiff's injury when the event 'in natural and continuous sequence, (unbroken by an efficient intervening cause), produces the injury and without which the result would not have occurred.'" (quoting *Mitchell v. Pearson Enters.*, 697 P.2d 240, 245–46 (Utah 1985))).

¶5 Furthermore, "foreseeability is an element of proximate cause." *Steffensen v. Smith's Mgmt. Corp.*, 862 P.2d 1342, 1346 (Utah 1993). Therefore, "[t]he more fundamental test is whether under the particular circumstances [the defendant] should have foreseen that his conduct would have exposed others to an unreasonable risk of harm; and this includes situations where negligent or other wrongful conduct of others should reasonably be anticipated." *Watters v. Querry*, 588 P.2d 702, 704 (Utah 1978).

However, in the context of proximate cause, foreseeability is not concerned with categorical inquiries such as whether "a reasonable person could anticipate a *general risk of injury* to others." *See B.R. ex rel. Jeffs v. West*, 2012 UT 11, ¶ 27, 275 P.3d 228 (emphasis added). Rather, the appropriate inquiry focuses on "the specifics of the alleged tortious conduct," such as "whether the *specific mechanism of the harm* could be foreseen." *See Normandeau v. Hanson Equip., Inc.*, 2009 UT 44, ¶¶ 18, 20, 215 P.3d 152 (emphasis added) (citation and internal quotation marks omitted).

¶6    Dee's negligence claim relies on one act of negligence on Johnson's part: driving his vehicle in a way that caused it to slide into the median. Dee does not allege that Johnson acted negligently after his car came to rest in the median. For example, Dee does not allege that Johnson had a duty to "wait until spring" rather than call for help. Nor did Dee hit Johnson's car in the median—indeed, had Johnson's car remained in the median, presumably the collision would never have occurred. Dee hit the tow truck only after Johnson called the highway patrol, the highway patrol contacted a tow truck company, and the tow truck driver pulled Johnson's car from the median onto the highway. Accordingly, we cannot agree with Dee that Johnson's negligent driving was the "cause which, in a natural and continuous sequence, unbroken by any new cause, produced the injury, and without which the injury would not have occurred," *see Bunker*, 114 P. at 775.

¶7    Our conclusion finds support in Justice Wilkins's opinion in *Fordham v. Oldroyd*, 2007 UT 74, 171 P.3d 411 (Wilkins, J., concurring and dissenting). There, a driver "encountered icy and snowy road conditions, lost control of his vehicle, and crashed." *Id.* ¶ 2 (majority opinion). A highway patrol trooper responded to the scene. While retrieving warning flares from his trunk, the trooper was struck by a third driver. *See id.* The majority of our supreme court held that, under the professional rescuer rule, the first driver owed the trooper no duty of care. *See id.* ¶ 18. That rule is not at issue here. But Justice Wilkins, writing for himself only, analyzed the case under the rubric of proximate cause. He stated, "A negligent act may at times be part of a chain of events eventually leading to an injury, but still be too remote to warrant holding the negligent party liable for the injury." *Id.* ¶ 30 (Wilkins, J., concurring and dissenting). He explained that, in his view, the causal separation between the first driver's driving and the trooper's injury was just too great to satisfy the requirements of proximate cause:

> In this case, [the trooper] asks us to conclude that as [the first driver] navigated his car through the snow, he should have foreseen the risk of injury to an assisting trooper from another driver and . . . acted, in part, with that risk in mind. We have said that "foreseeability is required to meet the test of negligence." [The trooper's] injuries were not reasonably foreseeable by [the first driver], in my view. . . . The legal separation between [the first driver's] driving onto the slick road and the trooper's injury is just too great to sustain a claim under our established law.

*Id.* (footnotes omitted). Similarly, here Dee asks us to conclude that, as Johnson navigated his car over the snow and ice, he should have foreseen the risk of injury to another driver from a negligent tow truck driver and acted, in part, with that risk in mind. But the legal separation between Johnson's driving on the slick highway and Dee's injury is too great to satisfy the requirements of proximate cause. We do not believe that "the specific mechanism of the harm could be foreseen" in this case, *see Normandeau*, 2009 UT 44, ¶ 20.

¶8      Dee cites a number of traffic accident cases where the question of proximate cause was held to be a jury question. But these cases all involved accidents where immediately after a defendant's negligent act the defendant's vehicle, another vehicle, or some other obstruction or hazard blocked the highway. *See Harris v. Utah Transit Auth.*, 671 P.2d 217, 218, 220 (Utah 1983) (defendant stopped bus on side of the road, obstructing part of the travel lane); *Jensen v. Mountain States Tel. & Tel. Co.*, 611 P.2d 363, 364–66 (Utah 1980) (defendant's utility vehicle was parked in intersection for several hours); *Watters*, 588 P.2d 702, 703–04 (defendant made an abrupt stop while cars were following behind her); *Herman v. Welland Chem., Ltd.*, 580 F. Supp. 823, 825, 827–28 (M.D. Pa. 1984) (defendant's chemical spill created an ongoing hazardous condition requiring the highway to be shut down); *Cooke v. Nationwide Mut. Fire Ins. Co.*, 14 So. 3d 1192, 1193–94, 1197 (Fla. Dist. Ct. App. 2009) (defendant collided with a tractor-trailer parked in the emergency lane, and collision scattered packages across the highway); *Smith v. Commercial Transp., Inc.*, 470 S.E.2d 446, 447–49 (Ga. Ct. App. 1996) (defendant's negligence resulted in his tractor-trailer overturning and blocking all lanes of traffic); *Hook v. Heim*, 369 N.E.2d 563, 565–66 (Ill. App. Ct. 1977) (defendants' collision resulted in one vehicle coming to rest in median and the vehicle that plaintiffs later hit coming to

rest in center of the road); *Wing v. Morse*, 300 A.2d 491, 493, 496 (Me. 1973) (defendant's negligence resulted in vehicle blocking passing lane and part of traveling lane); *Taylor v. Jackson*, 643 A.2d 771, 773–74, 776 (Pa. Commw. Ct. 1994) (defendant slowed or stopped due to sudden rain storm and second defendant jackknifed his vehicle in an attempt to avoid collision, resulting in the vehicle blocking both westbound lanes on the highway); *J. Wigglesworth Co. v. Peeples*, 985 S.W.2d 659, 662–64 (Tex. App. 1999) (defendant missed an exit and brought traffic to a standstill when he had to stop because his truck was too wide to cross a bridge in the construction zone). This is not such a case. Here, at the conclusion of Johnson's negligent act, his vehicle came to rest safely in the median.

¶9    The trial court's ruling that Johnson's negligence was not a proximate cause of Dee's injuries is the only reasonable conclusion that may be drawn from the undisputed facts in this case. Summary judgment was therefore properly entered in Johnson's favor. Affirmed.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶10    WE CONCUR:

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge