2020 UT App 40

## THE UTAH COURT OF APPEALS

JANET M. KUBIAK,
Appellant,

*v.*

MELINDA H. PINSON,
Appellee.

Opinion
No. 20190155-CA
Filed March 19, 2020

Fourth District Court, Provo Department
The Honorable James R. Taylor
No. 140401269

Leonard E. McGee and Peter R. Mifflin, Attorneys
for Appellant

Kathryn T. Smith, Attorney for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE APPLEBY and RYAN M. HARRIS concurred.

MORTENSEN, Judge:

¶1     Janet M. Kubiak sued Melinda H. Pinson for injuries Kubiak claimed she suffered as a result of an automobile accident. As allowed by Utah law, Kubiak elected to pursue her claims via arbitration. Unsatisfied with the result of the arbitration proceeding, Kubiak sought a de novo jury trial in the district court. The jury found Pinson negligent in causing the accident and some of Kubiak's claimed injuries, but it also found that the medical expenses resulting from the accident were less than $3,000. Based on this finding, the district court entered a judgment of no cause of action. Kubiak appeals, claiming that the district court erroneously denied her motion for summary judgment filed prior to trial and further erred in precluding evidence of Pinson's insured status at trial. We affirm.

BACKGROUND

¶2     Kubiak lived in Michigan but was visiting Utah on July 2, 2012 when Pinson's vehicle rear-ended Kubiak's rental vehicle. The rear-end collision left scratches on the bumper of Kubiak's vehicle. No one received medical treatment at the scene of the accident. The next day, Kubiak returned to Michigan and initiated medical treatment. According to Kubiak, she incurred approximately $30,000 in medical expenses to treat injuries related to the accident. All of those medical expenses were paid by her automobile insurer under her personal injury protection (PIP) benefits coverage.

¶3     In September 2014, Kubiak filed suit against Pinson, seeking recovery for her personal injuries and opting to pursue arbitration under Utah Code section 31A-22-321.[1] *See* Utah Code Ann. § 31A-22-321 (LexisNexis 2017).[2] Unhappy with the arbitration results, Kubiak requested a trial de novo in the district court. Kubiak moved for summary judgment, claiming

_____

1. Under section 31A-22-321, a plaintiff may elect to pursue a personal injury claim through arbitration—colloquially referred to as a "321 Arbitration"—in exchange for capping any potential recovery at $50,000 or the defendant's liability insurance limits, whichever is less, in addition to any amounts available under PIP or property coverages. *See* Utah Code Ann. § 31A-22-321(2)(a), (d) (LexisNexis 2017). Either party to the arbitration, if dissatisfied with the result, may seek a trial de novo in the district court, but if a plaintiff so elects and does not receive at least $5,000 and improve upon the arbitration award by at least 30%, the plaintiff becomes liable for enhanced costs. *See id.* § 31A-22-321(11), (13).

2. The statutory provisions in effect at the relevant time do not differ in any material way from the current provisions. We therefore cite the current provisions for convenience.

that Pinson admitted liability by pleading an alternative affirmative defense for a set-off against any recovery by the amount of the PIP benefits paid to Kubiak. Pinson did not contest the facts asserted by Kubiak, but opposed the motion by arguing, that as a matter of law, there was no admission and Kubiak had failed to establish that Pinson was liable. The district court denied Kubiak's motion, observing that Kubiak's "argument is faulty. . . . [Pinson] has not admitted fault. The mere assertion of a set-off . . . does not foreclose a determination of fault."

¶4    Before trial, Kubiak submitted a motion in limine seeking to admit certain insurance evidence. Pinson opposed the motion, arguing the admission of such evidence was contrary to rule 411 of the Utah Rules of Evidence. The district court denied the motion. At trial, Kubiak again sought to introduce the insurance evidence to rebut Pinson's expert testimony alleging that Kubiak was motivated by secondary gain.[3] The court again declined to admit the insurance evidence.

---

3. Secondary gain is known as the "financial, emotional, or other type of benefit" or incentive which serves to encourage the prolongation or exacerbation of an injury. *Dahlin v. Holmquist*, 766 P.2d 239, 240 (Mont. 1988); *Orndorff v. Commonwealth*, 613 S.E.2d 876, 883 n.6 (Va. Ct. App. 2005) ("[Expert] defined 'secondary gain' as a benefit accruing to the patient as a result of the diagnosis other than the benefit to be gained by treatment of the disorder."), *aff'd in part, rev'd in part*, 628 S.E.2d 344 (Va. 2006); *see also Mikesell v. Berryhill*, No. 15-1026 GJF, 2017 WL 3608239, at *9 n.12 (D.N.M. Feb. 23, 2017) ("Types of secondary gain include using illness for personal advantage, exaggerating symptoms, consciously using symptoms for gain, and unconsciously presenting symptoms with no physiological basis." (cleaned up)); *Lawrence v. MountainStar Healthcare*, 2014 UT App 40, ¶ 46, 320 P.3d 1037 ("Under the secondary gain

(continued…)

¶5 At the conclusion of trial, the jury found Pinson was negligent and caused at least some of Kubiak's injuries, but also found that the medical expenses caused by the accident were less than $3,000. Based upon the requirements of Utah Code section 31A-22-309,[4] the district court entered a judgment of no cause of action and dismissed Kubiak's claims. Kubiak appeals.

ISSUES AND STANDARDS OF REVIEW

¶6 Kubiak raises two issues on appeal. First, she contends the district court erred in denying her motion for summary judgment.[5] The "denial of summary judgment presents a

---

(…continued)
theory some patients . . . may not be very motivated to get well because of how it might adversely impact . . . compensation and related civil litigation." (cleaned up)).

4. "A person who has or is required to have direct benefit coverage under a policy which includes personal injury protection may not maintain a cause of action for general damages arising out of personal injuries alleged to have been caused by an automobile accident, except where the person has sustained one or more of the following: . . . medical expenses to a person in excess of $3,000." Utah Code § 31A-22-309 (LexisNexis 2017).

5. "Following a trial, . . . appellate courts may review the denial of a pretrial summary judgment motion only if the motion was decided on purely legal grounds." *Hone v. Advanced Shoring & Underpinning, Inc.*, 2012 UT App 327, ¶ 6, 291 P.3d 832 (cleaned up). In this case, the issues presented in Kubiak's summary judgment motion—whether Pinson's claimed offset constituted an admission of liability and whether the undisputed facts entitled Kubiak to summary judgment—were legal issues

(continued…)

question of law and is reviewed for correctness." *Liley v. Cedar Springs Ranch Inc.*, 2017 UT App 166, ¶ 11, 405 P.3d 817. Upon review, "all facts and the reasonable inferences to be made therefrom" are construed in a light favorable to the nonmoving party. *Colosimo v. Gateway Cmty. Church*, 2018 UT 26, ¶ 24, 424 P.3d 866 (cleaned up).

¶7      Second, Kubiak contends the district court erred in excluding "evidence of insurance." "We review a [district] court's exclusion of evidence for an abuse of discretion." *Daniels v. Gamma West Brachytherapy, LLC*, 2009 UT 66, ¶ 36, 221 P.3d 256 (cleaned up).


ANALYSIS

I. Summary Judgment

¶8      In response to Kubiak's motion for summary judgment, the district court ruled that an affirmative defense raised by Pinson for a set-off against any recovery by the amount of the PIP benefits paid to Kubiak by her insurer did not constitute an admission of liability by Pinson and accordingly denied Kubiak's motion.[6] Kubiak challenges this conclusion by

_____

(…continued)
to be decided by the court, not the jury. Accordingly, we review the district court's denial of Kubiak's pretrial summary judgment motion. *See Normandeau v. Hanson Equip., Inc.*, 2009 UT 44, ¶¶ 9, 11, 215 P.3d 152.

6. In the seminal case of *Allstate Insurance Co. v. Ivie*, 606 P.2d 1197 (Utah 1980), our supreme court explored the legal effects of a defendant's compliance with Utah's motor vehicle insurance requirements. The court recognized that the legislature intended to incentivize the purchase of automotive insurance by

(continued…)

reasserting two positions on appeal. Kubiak contends that the court erred in denying her motion, arguing that an alternative affirmative defense of set-off constitutes an admission of liability. Kubiak alternatively contends that the district court erred by not granting summary judgment in her favor based on

---

(…continued)
bestowing certain tort protections for at-fault drivers who carry insurance.

> [T]here are two consequences to the owner of a motor vehicle who fails to have the security required . . . : first, he has no immunity from tort liability; second, he is [p]ersonally liable for the benefits provided [by PIP coverage]. The only logical inference is that if a party has the security required . . . the no-fault insurance act confers two privileges: first, he is granted partial tort immunity; second, he is not personally liable for the benefits provided [by PIP coverage].

*Id.* at 1200.

The *Ivie* court then explained how recovery against an insured should be addressed at trial.

> In such a situation, the injured party should plead only for those damages for which he has not received reparation under his first party insurance benefits. In order to present a completely factual picture to the jury, the injured party may wish to present evidence of all his medical bills or other economic losses. The court may by appropriate instruction, explain to the jury that these economic losses have not been included in the prayer for damages, because the injured party has previously received reparation under his own no-fault insurance coverage.

*Id.*

certain statements of fact, present in her motion, that were undisputed in Pinson's responsive pleading.[7]

¶9      "Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Hone v. Advanced Shoring & Underpinning, Inc.*, 2012 UT App 327, ¶ 6, 291 P.3d 832 (cleaned up); *see* Utah R. Civ. P. 56(a).

A.      Assertion of Alternative Affirmative Defense

¶10     In her answer, Pinson first asserted that she was not liable and second and alternatively she asserted that if she were found liable generally, she could not be held responsible—as a matter of statutory law couched in terms of a set-off—for any amounts which had been paid by Kubiak's PIP coverage. Kubiak asserts that it "makes no sense to allow . . . the inconsistent positions" given the "existing obligation" of Pinson's insurer to reimburse Kubiak's insurer.

¶11     Utah law unequivocally allows a party to assert defenses "in the alternative," and a "pleading is not made insufficient by the insufficiency of an alternative statement." Utah R. Civ. P. 8(e). Further, a "party may state . . . legal and equitable defenses regardless of consistency." *Id.*; *see also Helf v. Chevron U.S.A. Inc.*, 2015 UT 81, ¶ 74, 361 P.3d 63 (explaining that Utah's modern pleading rules permit inconsistent defenses). Accordingly, the

---

7. Kubiak asserts that the district court erred by not treating the undisputed facts as admitted in its consideration of the motion. Our review of the record does not support such a conclusion. To the contrary, the court's ruling on the motion recites some of Kubiak's facts. As discussed *infra* ¶¶ 14–18, even taking the undisputed facts as true, Kubiak failed to meet her summary judgment burden of establishing each element of her claim.

assertion of an affirmative defense in the alternative will not serve as an admission of liability. *See* Utah R. Civ. P. 8(e).

¶12    Pinson's claim to a set-off for the amount of the PIP payments was made as an affirmative defense in the alternative. As such, it was not an admission of liability. Affirmative defenses serve to satisfy "the pleading rules . . . that . . . the parties are entitled to . . . notice of the issues raised and an opportunity to meet them." *Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1374 (Utah 1996) (cleaned up); *see also* Utah R. Civ. P. 8 advisory committee's note (observing that the general approach of the rule is to require "each party to disclose its affirmative case early in the process so that the adversary might evaluate its merits and focus the need for discovery"). Pinson's answer appropriately alerted Kubiak that in the event Pinson were found liable for the accident, Pinson would take the position that the damages for which she may be responsible would not include those already covered by Kubiak's PIP benefits.

¶13    Because Pinson's alternative affirmative defense was not an admission of liability, the court correctly concluded that Kubiak was not entitled to judgment as a matter of law.

B.    Undisputed Facts in the Summary Judgment Motion

¶14    Kubiak asserted the following relevant facts to support the claim of negligence against Pinson:

> 2. On July 2, 2012, . . . Pinson rear-ended the plaintiff . . . .
>
> . . . .
>
> 4. [Kubiak] first noticed she was injured from the accident, while still in Utah with feelings of stiffness and soreness.

. . . .

9. Plaintiff's some of the plaintiff's [sic] medical expenses were paid under her Michigan [PIP] benefits.

10. [Kubiak] received at least $30,000 in Michigan [PIP] benefits in connection with injuries sustained in this Utah accident.

. . . .

12. . . . Pinson has claimed an offset in her answer for PIP benefits paid to [Kubiak].

Pinson did not dispute these facts in her response to the summary judgment motion. Kubiak asserts that the undisputed facts entitled her to summary judgment.

¶15    A movant who bears the burden of proof at trial must establish each element of her claim to show that she is entitled to judgment as a matter of law. *Orvis v. Johnson*, 2008 UT 2, ¶ 10, 177 P.3d 600. To succeed on her claim for negligence, Kubiak needed to prove that (1) Pinson owed her a duty of care, (2) Pinson breached that duty, and (3) the breach proximately caused (4) Kubiak to suffer legally compensable damages. *See Wood v. United Parcel Service Inc.*, 2019 UT App 168, ¶ 8, 453 P.3d 949.

¶16    At most, the undisputed facts establish that Pinson's vehicle struck the rear of Kubiak's vehicle, Kubiak experienced some injury as a result of the accident, at least $30,000 was paid to Kubiak in PIP benefits, and Pinson claimed a set-off for the PIP benefits in the event that she were to be found liable. These facts, however, do not entirely establish the requisite elements of a negligence claim. The facts do not identify who breached a duty or how it was breached. The facts do not even generally assert how the accident occurred. The rear-end collision could

have been caused by any number of factors, including negligent conduct by either party.[8] Viewed in a light most favorable to Pinson, the facts merely established that the accident occurred— a factual position that is insufficient to establish the negligence elements of breach and cause.

¶17 Additionally, the facts recited by Kubiak in her summary judgment motion—even if deemed undisputed—do not establish what damages are sought from Pinson as a result of the accident. Kubiak's facts establish that her PIP benefits coverage paid some, if not all, of her medical expenses but do not indicate what expenses remain, if any. *See Allstate Ins. Co. v. Ivie*, 606 P.2d 1197, 1199 (Utah 1980).[9] The fact that Kubiak's insurer paid her

---

8. While common sense may suggest that many rear-end accidents are the fault of a trailing driver, that is not universally the case. In all but the most clear-cut cases, questions of negligence, including those involving rear-end accidents, are for a jury to determine. *Harris v. Utah Transit Auth.*, 671 P.2d 217, 220 (Utah 1983) (holding question of negligence in rear-end accident "should have gone to the jury" for proximate cause determination); *Maltby v. Cox Constr. Co.*, 598 P.2d 336, 340 (Utah 1979) (holding requested instruction that rear-end collisions are invariably the result of the negligence of the trailing driver was properly refused).

9. It is worth emphasizing the guidance provided by our supreme court in *Ivie*, namely, that an injured party should not seek to recover its PIP benefits from an insured tortfeasor. 606 P.2d at 1203 (holding that a tortfeasor's "personal liability does not include PIP payments"). Rather, the insurer providing the PIP benefits is entitled to a reimbursement from a tortfeasor's insurer as determined "by mandatory, binding arbitration between the insurers." Utah Code Ann. § 31A-22-309(6)(a)(ii) (LexisNexis 2017); *see also State v. Miller*, 2007 UT App 332, ¶ 14, 170 P.3d 1141 ("[A] no-fault insurer's only forum for recoupment

(continued…)

PIP benefits to cover some of her medical expenses does not establish the damages for which Pinson may be responsible as a potential tortfeasor. *See id.* at 1203 (holding personal liability distinct from PIP payments). Because Kubiak's recitation of facts did not assert damages beyond those covered by the PIP payments—an overage for which Pinson would potentially be personally liable—she cannot establish the damage element of the negligence claim on her motion for summary judgment.[10]

¶18     In sum, even if we presume that the facts asserted in Kubiak's summary judgment motion are undisputed, those facts are not sufficient to entitle Kubiak to judgment as a matter of law

---

(…continued)
of PIP benefits is arbitration with the other insurance provider."). Accordingly, a defendant need not assert a set-off for PIP benefit coverage because he cannot be personally liable for repayment of the benefits under the statutory scheme. *Ivie*, 606 P.2d at 1201; *Miller*, 2007 UT App 332, ¶ 13 ("Tortfeasors who maintain no-fault insurance on their vehicles are not personally liable for PIP benefits and are immune from suit for PIP-type claims." (cleaned up)).

10. Kubiak's argument alludes to an idea that the fact of payment of PIP benefits by an injured party's insurer should satisfy the statutory prerequisite of establishing medical expenses in excess of $3,000. *See* Utah Code Ann. § 31A-22-309(1)(a)(v). Our supreme court expressly rejected that notion. *See C.T. ex rel. Taylor v. Johnson*, 1999 UT 35, ¶ 7 n.3, 977 P.2d 479 ("We reject [plaintiff-appellee's] argument that the [PIP] . . . made by his own insurer establishes the threshold amount for his medical expenses. The mere fact that his PIP insurer paid for medical expenses which the jury found were not related to the accident should not be binding on [the defendant] for purposes of establishing the medical expenses threshold and exposing [the defendant] to liability for general damages.").

on all of the elements of her cause of action. Therefore, the district court correctly denied Kubiak's motion for summary judgment.

## II. Insurance Evidence

¶19 Kubiak sought to introduce "evidence of insurance to rebut claims of secondary gain" asserted by Pinson's expert.[11] "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose . . . ." Utah R. Evid. 411.

¶20 Kubiak alleged that Pinson caused the accident and Kubiak's resulting injuries. Pinson contested Kubiak's assertion and suggested that a reason for Kubiak's claim could be secondary gain. Kubiak sought to rebut the idea that she initiated the lawsuit in pursuit of monetary gain by introducing evidence that she and Pinson each were insured. In particular, Kubiak claims she wanted to inform the jury that she had "waived her right to collect any proceeds from . . . Pinson

---

11. Kubiak also suggests that the insurance evidence was necessary to show a witness's bias, arguing that because Pinson's insurer paid for the expert witness and funded some of the studies relied upon by the expert, the expert was biased. Because Kubiak does not adequately brief this issue, we decline to address it. *See Hahn v. Hahn*, 2018 UT App 135, ¶ 20, 427 P.3d 1195 (declining to address inadequately briefed issues under rule 24(a)(8) of the Utah Rules of Appellate Procedure). We do, however, note our skepticism that payment by an insurer of reasonable expert fees on behalf of an insured could satisfy the substantial connection required to show bias. *See Daniels v. Gamma West Brachytherapy, LLC*, 2009 UT 66, ¶ 37, 221 P.3d 256 (adopting an approach that looks to whether the witness has a direct interest in the outcome of the case).

personally"—inferring that Pinson's insurer would be responsible for any damage award. Kubiak also wanted to show that the statutory damage cap and her "obligation to fully reimburse her own car insurer" would make it "impossible for [her] to receive any proceeds"—negating any financial incentive to litigate. In addition to being inaccurate, Kubiak's representations conflict with rule 411 of the Utah Rules of Evidence. While a defendant's insured status may be admissible in certain cases, this is not such a case.

¶21 Kubiak did not waive her right to collect proceeds beyond the PIP benefits she had already received. Had she done so, she would have no basis for the suit against Pinson. Kubiak's position mischaracterizes the nature of the law. A claim for general damages is viable only on the premise of a tortfeasor's personal liability. The fact that a tortfeasor may later be indemnified by her insurer under a contractual agreement does not transfer liability for the accident to the insurer. *See Davis County v. Jensen*, 2003 UT App 444, ¶ 18, 83 P.3d 405 (holding that plaintiff has no right of action against defendant's insurer directly). In the underlying lawsuit, the defendant's insured status is irrelevant. Kubiak's argument also ignores that her action sought general damages, a type of damage distinct from PIP coverage. *See Allstate Ins. Co. v. Ivie*, 606 P.2d 1197, 1200 (Utah 1980) ("[An insured tortfeasor] does, however, remain liable for customary tort claims, viz., general damages and economic losses not compensated by the benefits paid under [PIP coverage] . . . .").[12] Additionally, as admitted by Kubiak in a pleading before the district court, another financial incentive Kubiak had was to "have the opportunity to present her claim to her [underinsured motorist] carrier." Therefore, Kubiak had both

---

12. Indeed, the only Michigan law Kubiak cites expressly provides that her insurer's right to reimbursement for benefits paid does not apply to noneconomic (general) damages. Mich. Comp. Laws § 500.3116(4) (2019).

a personal claim against Pinson (for which Pinson would have been indemnified) and a financial incentive to litigate.

¶22　In short, Kubiak wanted to signal to the jury that her reason for bringing the suit was because Pinson was negligent and that, as an insured party, Pinson's insurer would be the sole payor of any damage award. This is an insufficient basis to circumvent rule 411. Kubiak's evidence was impermissibly designed to encourage the jury to be more favorable to Kubiak in its findings and provide a greater damage award. *See Reeves v. Gentile*, 813 P.2d 111, 120 (Utah 1991) (observing that rule 411 was adopted to assuage the "concern that knowledge of liability insurance will increase the frequency of favorable plaintiff verdicts and elevate damage awards"), *overruled on other grounds by Red Flame, Inc. v. Martinez*, 2000 UT 22, 996 P.2d 540. Because Kubiak sought to use the insurance evidence for irrelevant and expressly prohibited purposes, the district court did not abuse its discretion by excluding it. We therefore affirm the court's decision to exclude the insurance evidence.

## CONCLUSION

¶23　We affirm the district court's denial of Kubiak's motion for summary judgment and its decision to exclude the insurance evidence.

_____